REUBEN W. WADE, guardian, plaintiff in error, *vs.* ELBERY ROBERTS, defendant in error.

That the affidavit upon which an attachment was based was sworn to by the plaintiff "as guardian," was no ground to dismiss the proceedings. Such affidavit was the individual oath of the party swearing thereto.

Attachment. Guardian and ward. Before Judge STROZER. Decatur Superior Court. May Term, 1874.

For the facts of this case, see the decision.

E. C. BOWER, by B. B. BOWER, for plaintiff in error.

JOHN C. RUTHERFORD; I. A. BUSH, for defendant.

WARNER, Chief Justice.

The plaintiff sued out an attachment under the provisions of the 3293d section of the Code, and made affidavit before a notary public, as guardian of Leila M., Frances C., Alice M., William H., and Sarah C. Stafford, minor heirs of S. S. Stafford, deceased, that one Roberts was indebted to him, as such guardian, the sum of $2,380 00; that he held said note as collateral security, and that the same is now due, and that said debt was created by the purchase of lots of land numbers two, three, thirty-eight and thirty-nine, in the twenty-seventh district of Decatur county, and that said Roberts is in possession of said property, for the purchase of which said debt was created. The affidavit was made in Early county. Bond and

Wade *vs.* Roberts.

security was given by the plaintiff, and attachment issued by the notary public, directed to all and singular the sheriffs and constables of the state, which was levied on the land described as the property of Roberts, who was the defendant therein, by W. W. Howell, sheriff. A motion was made by the defendant to dismiss the attachment on several grounds: First, because the affidavit was not sworn to according to law, the said Wade swearing as guardian, which is contrary to law. Upon which ground the bill of exceptions states, and all others stated in the motion, the court dismissed the attachment, and the plaintiff excepted.

The section of the Code under which this attachment was sued out declares that, "process of attachment may issue in behalf of *any* creditor whose debt is created by the purchase of property, upon such debt becoming due, when the debtor who created such debt is in the possession of the property for the purchase of which the debt was created." The court evidently dismissed the attachment on the first ground taken in the motion, and not upon all or any of the other grounds, because if any of the other grounds had been well taken, the same would have been amendable. Although Wade, the plaintiff, represented himself as guardian in the affidavit, still he made oath to the facts stated therein in his individual capacity; it was his individual oath, and if untrue, he could be indicted therefor. The fact that he was the guardian of the minor wards did not make the affidavit any the less his individual affidavit; he took his corporal oath as to the truth of it upon his individual responsibility. From the facts disclosed in the record, we are of the opinion that the issuing and levying the attachment in this case, was in pursuance of the provisions of the Code, and a substantial compliance with the requirements thereof, and that the court erred in dismissing it.

Let the judgment of the court below be reversed.