FLINT, CHAMBERLAIN & GRAHAM ET AL. V. MCCARTY &
BROWN.

(No. 867, Op. Book No. 2, p. 236.)

ERROR from Hood County.　Opinion by WATTS, J.

§ **1018.** *Trial of right of property; affidavit for.* This
was a suit for the trial of the right of property, in which
McCarty & Brown were the claimants. The claim affi-
davit was signed " McCarty & Brown," and a motion to
quash the affidavit because it was not signed and sworn
to by any particular person was overruled in the trial
court. *Held*, that the affidavit was insufficient, and
should have been quashed. The proceeding to try the
right of property is an extraordinary power conferred
upon the courts by statute. The affidavit is the starting
point of the proceeding — the active principle that brings
into action the jurisdiction of the court. It is the initia-
tory step, and is essential to the exercise of the special
jurisdiction conferred by the statute. When, therefore,
no legal and sufficient affidavit is made to authorize the
proceedings, it should be quashed upon the motion of
the other party. An affidavit is a statement or declara·
tion of· some particular person, reduced to writing, and
sworn or affirmed to before some officer who has au-
thority to administer an oath, and it must in itself
show that it is the individual oath of the party swearing
thereto. [Wade v. Roberts, 53 Ga. 26.] The affidavit in
this case does not purport to be the sworn declaration of
any individual, but the declaration of a firm. McCarty
& Brown appear before the officer, and the affidavit
is signed McCarty & Brown. We can see no valid
reason why both partners might not have appeared before
the officer, and each made his individual declaration
under oath, provided this is shown in the affidavit.
Either of them could have made the oath for the firm, as
this would be the individual oath of the partner, making
the same, however, for the benefit of the firm; but here it

is not McCarty, nor is it Brown, that is shown to have made the oath; it might have been the one or the other that made it, and which, if either, the affidavit does not disclose.

February 23, 1881.          Reversed and remanded.