BENNETT & COMPANY vs. GRAY.

1. An affidavit to foreclose a lien, under section 1985 of the code, which alleged that provisions, etc. were furnished "to the saw-mill of" B. instead of to B., followed the code.
2. Where the affidavit alleged that B. was a member of the firm of B. & Co., and the duly authorized agent of that firm to make the affidavit, and was signed B. & Co. by B., this did not make it invalid. It was not the affidavit of B. & Co., but of B., who could have been indicted for perjury had it been false.
3. The affidavit being made "for the purpose of foreclosing the lien . . . on said saw-mill and all the lumber, . . . the product of said mill," and the execution directing the sheriff to levy on the engine and fixtures as well as the saw-mill and lumber, if the engine and fixtures were no part of the mill, their insertion in the execution was surplusage, and the execution would still be good against the mill and its products.
4. It is not necessary, under this section of the code, to set out the fact or the terms of the contract between the parties. An affidavit, stating that the articles were furnished, their nature, and the owner of the mill at the time, was sufficient.
5. A levy on "one saw-mill engine and fixtures, situated at Gordonia, on the Brunswick and Western railroad, on lot of land number ninety-one, in the seventh district of said county and all of the lumber now in the yard of said saw-mill," was sufficiently certain and specific.
6. If any other things except timber, logs and provisions were furnished, it would be proper to state that such other things were necessary; but it is not essential to allege that any of the three named articles were necessary.

March 22, 1889.

Liens.    Levy and sale.    Affidavits.    Before Judge ATKINSON.    Ware superior court.    April term, 1888.

The official report is embodied in the decision.

Bennett & Company vs. Gray.

H. P. Brewer and J. L. Sweat, by brief, for plaintiff.

Courtland Symmes, S. W. Hitch, L. A. Wilson and E. H. Myers, by brief, for defendant.

Simmons, Justice.

On the 13th day of July, 1886, R. McD. Bennett made oath before the ordinary of Ware county that he was a member of the firm of J. F. Bennett & Co.; that in the months of February, March, April and May, 1886, they furnished " to the saw-mill of J. M. Bryan, of said county, said mill being situated in said county, at Gordonia on the Brunswick & Western railroad, on lot of land number ninety-one in the seventh district of said county, provisions and other things necessary to carry on the work of said saw-mill, all of the aggregate value of $233.34. Affiant avers that said amount of $233.34 is now due and unpaid, and that after the same became due, he . . . demanded payment of the same of said J. M. Bryan, the owner of said mill, and also of Mrs. Bryan, the wife of the said J. M.," who re_ fused, and still refuse to pay; that the demand was made before the expiration of twelve months after the amount became due, and affiant, as duly authorized agent of J. F. Bennett & Co., makes this affidavit within twelve months after the said amount became due, " for the purpose of foreclosing the lien of the said J. F. Bennett & Co. on said saw-mill and all the lumber now piled and on the yard of said mill, said lumber being the product of said mill. The affidavit is signed, " J. F. Bennett & Co., by R. McD. Bennett."

Upon this affidavit execution was issued " that of J. M. Bryan, of said county, and of a certain saw-mill, engine and fixtures, situated at Gordonia on the Bruns-

v 82-38

wick & Western railroad, on lot of land ninety-one in the seventh district of said county, and of the lumber on the yard of said saw-mill, said lumber being the product of said mill," there should be made the sum above mentioned, " which J. F. Bennett & Co., for the purpose of foreclosing their lien for articles furnished said mill, made affidavit . . . . . . . is due and owing him from said Bryan, the owner of said mill," etc. Upon this execution entry of levy was made on " one saw-mill, engine, and fixtures, situated at Gordonia on the Brunswick and Western railroad, on lot of land number ninety-one in the seventh district of said county, and all of the lumber now in the yard of said saw-mill," said property levied on as the property of J. M. Bryan. Gray interposed a claim to the property levied on.

After issue joined, plaintiff offered his execution and the affidavit as evidence. Claimant objected to the same, and moved to dismiss the levy and quash the *fi. fa.* on the following grounds:

(1) The affidavit alleges that plaintiff furnished the *mill* of Bryan, and not Bryan.

(2) The affidavit is sworn to by Bennett & Co.

(3) The *fi. fa.* does not follow the affidavit.

(4) (Withdrawn.)

(5) The affidavit does not state that the articles were furnished to Bryan's mill under a contract, there being no privity of the contract established between plaintiffs and Bryan, to whose mill the goods were alleged to have been furnished.

(6) Levy void for uncertainty.

(7) Affidavit does not state what was furnished, except provisions, and that the articles furnished were necessary.

Upon the hearing of the motion, plaintiff offered to

attach a bill of particulars if required, which was not allowed. The motion was sustained, and plaintiffs excepted.

The court erred in dismissing the levy in this case upon any of the grounds contained in the motion.

1. The affidavit properly alleged that the provisions were furnished the mill of Bryan. Section 1985 of the code declares that all persons furnishing saw-mills with timber, provisions or any other thing necessary to carry on the work of saw-mills, shall have liens on said mills and their products. The affidavit therefore followed this section of the code.

2. The next objection is, that the affidavit was sworn to by Bennett & Co. We do not think that this exception is well-taken. The affidavit sets out that R. McD. Bennett is a member of the firm of J. F. Bennett & Co., and that he is the duly authorized agent of said firm to make this affidavit. It is true that he signs it "J. F. Bennett & Co., by R. McD. Bennett," but in our opinion this did not make the affidavit invalid. It was not the affidavit of Bennett & Co., but of R. McD. Bennett, and if it had been false he could have been indicted for perjury.

3. The next exception is, that the execution does not follow the affidavit. This exception is rather vague and uncertain, but we suppose it means that the execution directed the sheriff to levy on the engine and fixtures as well as the saw-mill and lumber. We do not think that would make the execution or the levy void. If the engine and fixtures were no part of a saw-mill, it was surplusage on the part of the clerk to insert them in the body of the execution, and the execution would still be good against the saw-mill and the product of said mill. *Dixon vs. Williams, ante,* 105, and cases there cited.

4. The next exception is, that the affidavit does not state that the articles furnished to Bryan's mill were furnished under a contract. We do not think it is necessary, under this section of the code, to set out the fact or the terms of the contract between the parties. The affidavit does state that the articles were furnished to the saw-mill of Bryan, and states the nature of the articles furnished and the owner of the mill at the time they were furnished, and we think this was a sufficient compliance with section 1985 of the code.

5. It is complained in the next ground that the levy was void for uncertainty. It seems to us that it was sufficiently certain and specific. It states that the property levied upon is "one saw-mill, engine and fixtures," "and all of the lumber now in the yard of said saw-mill," "situated at Gordonia on the Brunswick & Western railroad," and the county, the number of the district, and the number of the land lot are also stated. We are at a loss to see how it should have been made more certain.

6. It is also complained that the affidavit does not state what was furnished, except provisions, and that the articles furnished were necessary. The affidavit states that provisions were furnished, and under this section of the code it is not essential to allege that provisions were necessary. If any other thing is furnished except timber, logs and provisions, it would then be proper to state that such other things were necessary; for the code says, "all persons furnishing timber, logs, provisions or any other thing necessary to carry on the work of saw-mills." If any other articles than those above enumerated should be furnished, the person furnishing the same should then allege that these articles were necessary to carry on the work of the saw-mill. Here, as stated before, the plaintiff

alleged that he furnished provisions. It is no more required to allege that provisions were necessary than it would be that the logs or timber were necessary for the mill.

Judgment reversed.