ARROWOOD *v.* McKEE, guardian.

CANDLER, J.　1. It is immaterial whether the judgment was one requiring the signature of the plaintiff's attorneys or that of the presiding judge, it appearing that as a matter of fact it was signed by both the judge and the plaintiff's attorneys.

2. The intention to sign the judgment by both the presiding judge and the attorneys for the plaintiff was manifest, and it was immaterial whether their signatures appeared on the right or the left side of the page on which the judgment was entered.

3. The security deed to "H. L. M., guardian of F. M. P.," as between the grantor and the grantee, had the effect to vest the legal title to the property described in the grantee for the purposes therein mentioned; and default having been made in the payment of the note to secure which the deed was given, suit having been instituted, judgment obtained, and execution issued, a deed under the provisions of the Civil Code, §§ 2771 et seq., reconveying the property to the debtor for the purpose of levy and sale, and executed by "H. L. M., guardian of F. M. P.," conveyed all the interest of the grantor in the land in question, and put title into the defendant as completely as it had been prior to the execution of the security deed.

4. At a sale of the property under such conditions, the purchaser would obtain a good title as against H. L. M., either as an individual or in his capacity as guardian of F. M. P.　The effect of the deed in the first instance being to put the title into him individually, and his deed of reconveyance putting the title back through the same channel whence it came, his ward would look to him and his bond in the event of her money being lost.

*Judgment affirmed.　All the Justices concur, except Simmons, C. J., absent.*

Argued February 20, — Decided March 3, 1904.

Affidavit of illegality.　Before Judge Reid.　City court of Atlanta.　April 7, 1903.

Mrs. Arrowood borrowed money and executed a deed to land to secure its repayment.　Default in payment having been made, judgment was obtained against her, with a special lien upon the land; and to the levy of an execution from this judgment she interposed an affidavit of illegality, which was dismissed; and she excepted.　Her note for the money and the security deed were made to H. L. McKee, guardian of Fannie May Powers, who executed a bond for reconveyance of title on payment of the note. The deed conveyed to "H. L. McKee, guardian as aforesaid, his successors, heirs, executors, administrators, and assigns."　The suit on the note was brought by H. L. McKee, alleging that he was the legal guardian of Fannie May Powers, a minor, and that Mrs. Arrowood was indebted to him as such guardian, etc.　A verdict for the plaintiff was rendered; and thereupon judgment

was entered in favor of the plaintiff, which was signed by the judge at the right, and by the plaintiff's attorneys at the left of the paper on which the judgment was written. A quitclaim deed for levy was filed and recorded, which recited that it was from H. L. McKee as guardian of Fannie May Powers, and was signed, "H. L. McKee, guardian Fannie May Powers." The grounds of the affidavit of illegality were: (1) Neither the plaintiff nor his attorneys had entered up and signed judgment upon the verdict. (2) The court had no authority to render or sign a judgment; and the judgment signed by the court was void, and no valid execution could issue therefrom. (3) No sufficient deed reconveying title to deponent was filed and recorded; the deed actually filed having been made without an order of the court of ordinary; and if the title was in H. L. McKee individually, the deed did not convey his interest, but purported to convey only the title of his ward.

*Lavender L. Ray* and *S. D. Johnson,* for plaintiff in error. Judgment illegal: Civil Code, §§ 5339, 5076, 5848; *Ga. R.* 52/556; 63/417, 423; 111/334, and cit.; 39 Pa. St. 263, 80 Am. Dec. 521. Reconveyance did not carry title of McKee individually: Civil Code, § 2998; *Ga. R.* 92/260; 109/288, 308; 111/698; 117/786; 46/261; 115/617. Reconveyance by guardian illegal, if no order of court of ordinary: Civil Code, §§ 2545–7, 5432; Code of 1863, §§ 1779, 3581, 2508–9; Code of 1882, §§ 1828, 1970, 3654; Cobb's Dig. 310, 517; *Ga. R.* 49/397; 59/213, 229; 60/403, 677.

*Charles W. Smith* and *Arminius Wright,* contra, cited *Ga. R.* 112/635; 113/1141; 114/934; 92/673, 815; 87/751; 55/475.