### STEPHENS, executor, v. CITY OF ATLANTA.

TURNER, J. 1. A fi..fa. issued by the municipal authorities of a city to enforce the collection of an amount expended by it for work done in making repairs on a sidewalk in front of a designated city lot, described as being the property of A. W. S., "Exec.," is, nothing else appearing, to be regarded as an execution against him in his individual capacity as owner of the property, inasmuch as the term "Exec.," following his name, is merely descriptio personæ. *State* v. *Sallade*, 111 *Ga.* 700 ; *Dozier* v. *McWhorter*, 117 *Ga.* 786 ; *Glisson* v. *Weil & Co.*, Id. 843, and cit. Accordingly, where a levy of the fi. fa. is met by an affidavit of illegality, interposed by such person as owner, he is to be presumed to act in his individual and not in a representative capacity, though he be referred to in such affidavit as A. W. S., "Executor," (*Glisson* v. *Weil & Co.*, supra), and though he may, in subscribing to the affidavit, add that descriptive term to his name (*Wade* v. *Roberts*, 53 *Ga.* 26 ; *Bennett & Co.* v. *Gray*, 82 *Ga.* 592; *State* v. *Sallade*, 111 *Ga.* 701 – 702); especially when, in the body of the affidavit, he unequivocally alleges that the " property levied on and against which said execution issues is not, and never was, held by [him] as executor for any estate, but,.on the other hand, belongs to " him and other named persons "as tenants in common, and so belonged to them at the time said work for which said execution issues was done." See *Arrowood* v. *McKee*, 119 *Ga.* 623.

2. The court below improperly construed the fi. fa. under consideration in the present case as one issued against an executor with a view to bringing to sale property belonging to the estate he represented, to the levy of which fi. fa. no one save the duly authorized representative of the estate could be heard to object; and it follows that the court erred in dismissing the affidavit of illegality interposed by the plaintiff in error, on the ground that the facts therein set forth disclosed that the property levied on did not belong to him at the time of the levy, and hence he had no right to the remedy he had undertaken to pursue.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*

Argued February 18, — Decided March 4, 1904.

Affidavit of illegality. Before Judge Lumpkin. Fulton superior court. January 12, 1903.

*Alexander W. Stephens* and *H. W. Dent*, for plaintiff in error.
*James L. Mayson* and *William P. Hill*, contra.