18915. HANSON *v.* BANK OF LAGRANGE.

Decided February 28, 1929.

*E. A. Jones*, for plaintiff in error. *Duke Davis*, contra.

Stephens, J. This is a suit on a note, executed December 8, 1926, in behalf of an insolvent bank, the payee, in which the defendant pleaded as a set-off an amount which the defendant alleged that he had on deposit in the bank when the bank closed its doors and ceased operation. The undisputed evidence was to the effect that the defendant, C. W. Hanson, was pastor of the First Christian Church of LaGrange, Georgia, and that the money had been deposited by him in the plaintiff bank in December, 1926, and January, 1927, "just before the bank closed" and after the creation of the debt evidenced by the note sued on, and was deposited to the credit of "C. W. Hanson, pastor, First Christian Church, La Grange, Ga.," that the money did not belong to him individually, but had been collected by him from various persons for the benefit of the church, and was money belonging to the church, and that he was personally responsible to the church for the money. It does not appear that the plaintiff bank at any time before the trial had knowledge that the funds on deposit did not belong to the defendant, other than might be inferred from the fact that the defendant in making the deposit in his own name described himself as "pastor,

First Christian Church, LaGrange, Ga." This was all the evidence. A verdict for the plaintiff in the full amount sued for was directed. The defendant, without moving for a new trial, excepted.

Although the defendant, when depositing the money in his own name, described himself as "pastor, First Christian Church, La Grange, Ga.," he contracted with the bank in his individual capacity. The expression "pastor, First Christian Church, LaGrange, Ga.," was merely descriptio personæ. *Stephens* v. *Atlanta,* 119 *Ga.* 666 (46 S. E. 872), and cit.

Whatever right, title, or interest the church may have had in the fund, the depositor had the right, at any time after having deposited it to his own credit (which he did although describing himself as "pastor," etc.), to withdraw it from the bank, in the absence of any protest against the depositor's right to withdraw, made to the bank by the true owner of the funds. *Munnerlyn* v. *Augusta Savings Bank,* 88 *Ga.* 333 (14 S. E. 554, 30 Am. St. R. 159).

The bank, without any knowledge of the fiduciary character of the fund, would have been protected, as against the beneficiary, in accepting the fund from the depositor in payment of the depositor's debt to the bank. This is supported in principle by *Ruan* v. *Gunn,* 77 *Ga.* 53. The bank, however, even with the consent of the trustee who deposited the money, could not, as against the right of the true owner or beneficiary, appropriate the fund, with knowledge of its fiduciary character, to the payment of the pre-existing debt of the depositor. *American Trust &c. Co.* v. *Boone,* 102 *Ga.* 202 (29 S. E. 182, 40 L. R. A. 250, 66 Am. St. R. 167). This would have been a participation by the bank in a conversion of the fund from its true owner, the beneficiary, and the beneficiary could have recovered it from the bank. The theory upon which the bank is held liable to the beneficiary is not that the depositor, as trustee of the fund misapplied it by applying it to his own debt to the bank, but that the bank converted the fund by receiving and applying it upon the debt of the depositor with knowledge that the fund did not belong to the depositor but belonged to the beneficiary. It follows, therefore, if, in the case before the court, the First Christian Church, as the beneficiary and owner of the fund, could, after an application by the bank of the fund to the payment of the depositor's own debt, still recover the fund from the bank, the bank can

not now be forced by the defendant's plea of set-off to accept the fund as a credit on the defendant's debt. The defendant's application, by reason of a plea of set-off, of the deposit which he had placed in the bank in his own name, but in which another had the beneficial interest, was not by virtue of any act on the part of the bank, and the bank, under such circumstances, could not be guilty of a conversion to its own use as against the rights of the beneficiary. As against the bank, the beneficiary can not complain, unless the bank, with notice of the beneficiary's right, participated in a conversion of the fund. It follows therefore, that the bank, in permitting the defendant, in his plea, to set off the fund against his own debt to the bank, did not convert the fund as against the beneficiary. The beneficiary, therefore, can not go against the bank for a conversion of the fund; and, the fund having by such credit been paid to the depositor having legal title to the fund and the right, as against the bank, to control it, there is no fund in the bank belonging to the beneficiary which the beneficiary can make claim to. As far as this record discloses, the beneficiary has made no claim to the fund in the bank, and has done nothing by way of protest against the bank's paying the fund to the defendant who deposited it in the bank as his own money, even if this could have availed the beneficiary anything where the bank had not been a party to a conversion of the fund.

Allowing the defendant to set off against his own debt money belonging to another, which he had deposited in the bank to his own credit, might be to the interest of the beneficiary, as the bank is insolvent, and the defendant, who is not shown to be insolvent, would afterwards be responsible to the beneficiary for the entire fund. After allowing the set-off, the beneficiary can collect from the defendant the full amount of the deposit, whereas, as against the insolvent bank, the beneficiary will, no doubt, if it collects anything at all, collect only a percentage of the deposit. In this connection attention is called to the case of Funk v. Young, 138 Ark. 38 (210 S. W. 143, 5 A. L. R. 79), where it is held: "That the deposit account of the maker of a note to an insolvent bank stands in his name as trustee does not prevent his setting it off upon the note in the hands of the receiver's assignee, if he is personally answerable for the amount of the deposit." See also on page 83 of 5 A. L. R. a note in support of this proposition.

We therefore hold that whether or not the designation of the defendant as "pastor First Christian Church, LaGrange, Ga.," could be held to be a fact or circumstance tending to put the bank on notice of the fiduciary character of the fund, the defendant in this case, nevertheless, had the right to set off the fund against his own individual debt to the bank, existing when the deposit was made, and the court erred in directing a verdict for the plaintiff bank.

As against the bank, before its insolvency, the defendant, as a depositor, clearly had the right to withdraw the fund. *Munnerlyn* v. *Augusta Savings Bank,* supra. He will therefore now, since the bank is insolvent, have the same right to the fund, as against the bank, that he would have as respects his own individual deposit. He would certainly have the right, in a suit against him by the insolvent bank, to set off the amount of his individual deposit. *Nix* v. *Ellis,* 118 *Ga.* 345 (4) (45 S. E. 404, 98 Am. St. R. 111). He therefore has the right, in such a suit, to set off the deposit made by him in his name as pastor of the church. The court erred in not giving the defendant the credit for the deposit, and in directing a verdict for the plaintiff bank for the full amount sued for.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*