## DICKENS v. HOWARD.

### No. 7090.

Circuit Court of Appeals, Fifth Circuit.

Oct. 31, 1933.

Warren Grice and Benning M. Grice, both of Macon, Ga., for appellant.

Wallace Miller, and Jas. A. Lowrey, Jr., both of Macon, Ga., and Samuel H. Wiley, of Sparta, Ga., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

W. K. Howard, as receiver of Hancock National Bank of Sparta, Ga., sued G. L. Dickens on promissory notes which Dickens owed the bank individually. He pleaded as a set-off the balances due by the bank on four general deposit accounts in the name, respectively, of G. L. Dickens, Adm'r, E. A. Hitchcock, G. L. Dickens, Temp. Adm'r, Marshall G. Guill, G. L. Dickens, Ex'r, Mrs. R. A. Bell, and G. L. Dickens, Clerk County Commissioners. It appeared without dispute in a trial before the court without a jury that Dickens was the duly appointed administrator, temporary administrator, and executor of the estates of the several persons named, and was the clerk of the board of county commissioners of Hancock county, and had in his several representative capacities come into possession of funds belonging to his several trusts and not to himself individually, and had deposited them in bank, thus raising the four accounts mentioned. The bank, when it closed, was insolvent, but Dickens was and is solvent. The court disallowed the set-off, and gave judgment on the notes, and Dickens appealed.

Dickens argues that for the moneys he deposited he is personally accountable to his several trusts, and, being solvent, will have to make good the deficits after the dividends from the bank are paid; that in law the deposit accounts are his, the words following his name, Admr. E. A. Hitchcock, etc., being but descriptio personæ; that he could sue in his own name to recover them, and may hence offset them, citing especially Hanson v. Bank of Lagrange, 39 Ga. App. 380, 147 S. E. 124; Miller v. Receiver of Franklin Bank, 1 Paige (N. Y.) 444.

We do not doubt that at law as between the bank and Dickens the descriptive words are descriptio personæ, and that the legal right of action is in him, and he could in his own name recover the deposits, although of trust funds. Oglesby v. Gilmore, 5 Ga. 56; Daniel v. Hollingshead, 16 Ga. 190; Saffold v. Banks, Admr., 69 Ga. 289; Dozier v. McWhorter, 117 Ga. 786, 45 S. E. 61; Kennedy v. Gelders, 7 Ga. App. 241, 66 S. E. 620. In collecting the moneys, whether by check on the bank or by suit, it is presumed that the trustee will apply them to their proper purposes. Munnerlyn v. Augusta Savings Bank, 88 Ga. 333, 14 S. E. 554, 30 Am. St. Rep. 159; American Trust & Banking Co. v. Boone, 102 Ga. 202, 29 S. E. 182, 40 L. R. A. 250, 66 Am. St. Rep. 167. But to offset them against his own individual debt to the bank is to do more than to collect the funds from the bank. It is in addition to use them to pay his own debt, and that is a misappropriation of them. The moneys did not belong to Dickens, and the deposit credits which they produced do not in equity belong to him. The real owners of the moneys can follow them and claim the deposits as against any right of the bank to set them off against debts due by the depositor, for the bank is not shown to have given any credit on the faith of the deposits, nor indeed could it have bona fide done so, since the description which Dickens gave of himself in making each deposit was ample notice of the trust ownership of the fund deposited. Central National Bank v. Connecticut Mutual Life Insurance Co., 104 U. S. 54, 26 L. Ed.

693, and cases cited therein; Union Stock-Yards Nat. Bank v. Gillespie, 137 U. S. 411, 11 S. Ct. 118, 34 L. Ed. 724; Dozier v. Mc-Whorter, 117 Ga. 786, 45 S. E. 61; Geyser-Marion Gold-Mining Co. v. Stark (C. C. A.) 106 F. 558, 53 L. R. A. 684. The bank having no right to apply the trust moneys to its claim against Dickens, the application is none the less improper because Dickens desires that it be made. The owners could hold the receiver liable for the misappropriation. American Trust Co. v. Boone, 102 Ga. 202, 29 S. E. 182, 40 L. R. A. 250, 66 Am. St. Rep. 167; American Natl. Bank v. Fid. & Dep. Co., 129 Ga. 126, 58 S. E. 867, 12 Ann. Cas. 666. It is true this suit is at law, but the remedy of set-off is so far equitable in its nature that a court will not apply it when the debts appear equitably to be not between the same parties in the same right or character. The Georgia statute, Park's Ann. Civ. Code Ga. § 4341, reads: "Set-off must be between the same parties and in their own right. If originally otherwise, but at the commencement of suit equitably within this rule, they may be set off." Here equitably the right is diverse. We need not enquire whether Dickens is or is not personally liable over to the owners of the funds which he deposited in the bank. He had not settled with them at the time of the bank's failure nor at the commencement of the suit, and they are still the true owners of the deposit accounts.

Judgment affirmed.