JORDAN, for use. *v.* CENTRAL CITY LOAN AND TRUST ASSOCIATION.

An execution for costs, issued under section 5395 of the Civil Code against a successful plaintiff in an ejectment suit, can not be enforced against the land involved in such ejectment case as against the holder of a security deed executed by the plaintiff to such land, of older date than the judgment in ejectment, without paying or tendering to the holder of the security deed the amount of his debt in the manner prescribed in section 5433 of the Civil Code.

Submitted June 6, — Decided July 26, 1899.

Levy and claim.    Before L. D. Moore, judge pro hac vice. Bibb superior court.    November term, 1898.

*Ryals & Stone*, for plaintiff in error.
*S. A. Reid*, contra.

COBB, J.    On June 21, 1892, B. J. Jordan executed and delivered to the Central City Loan and Trust Association a deed to a tract of land to secure a debt, which is still unpaid.    This deed was duly recorded on July 19, 1892.    At the time the deed was made Jordan Jordan was in actual possession of the land, under a claim which was adverse to B. J. Jordan.    B. J. Jordan instituted an action of ejectment against Jordan Jordan, which resulted in a judgment in favor of the plaintiff in April, 1898 (see 103 *Ga.* 482), and under this judgment Jordan Jordan was dispossessed and B. J. Jordan placed in possession. An execution for costs against B. J. Jordan, the plaintiff in this case, was levied upon the land, and a claim was interposed by the Central City Loan and Trust Association.    Upon the trial of this claim case a judgment was rendered finding the property not subject to the execution, and to this judgment the plaintiff in execution excepted.    While it does not distinctly appear from the record why the cost execution was issued against B. J. Jordan, the plaintiff in the ejectment suit, it may be inferred that an execution had been issued against Jordan Jordan and returned, "no property to be found," and that the execution levied in the present case was issued against B. J. Jordan under the provisions of section 5395 of the Civil Code.    Such being the case, the lien which this execution was issued to enforce did

not attach to the land, certainly before the judgment in the ejectment case was rendered; and as at this time the legal title to the land was in the Central City Loan and Trust Association, there was no error in finding the property not subject to the execution. An execution for costs stands upon the same footing as any other execution, and can not be levied upon property which is embraced in a security deed of older date than the judgment on which the execution was issued, unless there has been a payment or tender of the amount due to the holder of the security deed in the manner provided by law. Civil Code, §5433. It is true that Jordan Jordan might have been ousted by a judgment in ejectment rendered in a suit brought either by B. J. Jordan or the holder of the security deed, but we know of no principle of law or equity which would require the holder of the security deed to pay the costs of an ejectment suit brought by his grantor and to which such holder was in no way a party. Even conceding that there would be in such case an equity in favor of the officers of court against the grantee in the security deed, there is no authority for levying an execution for costs against the grantor in the security deed upon the property title to which is in the grantee. So far as the question involved in this case is concerned, it is controlled by the simple principle that an execution issued under the law against one person can not be levied upon the property of another who is in no way a party to the execution or the judgment upon which it was issued.

*Judgment affirmed. All the Justices concurring.*