BLACK *v.* GATE CITY COFFIN COMPANY.

" Since the passage of the act approved December 17, 1894 (Civil Code, §§ 5432, 5433), land held under bond for titles is not subject to execution sale as the property of the holder of the bond, until he is invested with the title; and therefore, where an execution against a holder of a bond for titles was levied upon the land held thereunder, without a conveyance to him of the title, a sale of such land made in pursuance of such levy passed no title to the purchaser." *Green* v. *Hill,* 101 *Ga.* 258.

Submitted February 20,—Decided March 13, 1902.

Levy and claim. Before Judge Candler. Fulton superior court. January 8, 1901.

In 1894 Swift and Harris executed to Mrs. May a deed to certain land as security for a debt, and received from her a bond for reconveyance of title. On January 4, 1899, Harris executed a deed to his interest in the land to Swift, subject to the deed to Mrs. May, and assigned to Swift his interest in the bond. On January 6, 1899, the Gate City Coffin Company obtained a general judgment against Harris, and on January 20, 1899, caused an execution, based on this judgment, to be levied on an undivided half interest in the land, as the property of Harris. On January 30, 1899, Swift executed a deed to the land to Orme and Black, subject to the deed to Mrs. May, and assigned to them the bond for title from her. Orme afterwards conveyed his interest to Black, and Black filed a claim to the property. The Gate City Coffin Company filed

a petition in aid of the levy, attacking the transfers to Swift, Orme, and Black; but, in view of the judgment rendered by the Supreme Court, the allegations of this petition need not be set out. The claimant excepted to the overruling of his motion to dismiss the levy.

*W. H. & E. R. Black* and *Anderson, Anderson & Thomas*, for plaintiff in error. *Westmoreland Brothers*, contra.

LUMPKIN, P. J. Under section 3586 of the Code of 1882, property held under a bond for titles with a portion of the purchase-money paid could be lawfully levied upon and sold under a judgment against the holder of such bond. This section also provided for a distribution of the money arising from such a sale. The statutory scheme for thus reaching an equitable interest in realty held by a defendant in execution was, however, superseded by the act approved December 17, 1894, entitled "An act to provide for the levy and sale of property where the defendant in fi. fa. has an interest therein but does not hold the legal title thereto, and to provide for the distribution of the proceeds arising from such sale, and for other purposes." See Acts of 1894, p. 100. The provisions of this act are now embraced in the Civil Code, §§ 5432, 5433. Accordingly, this court ruled as appears in the case cited in the headnote. To the same effect see, also, *Jordan* v. *Central City Loan & Trust Co.*, 108 *Ga.* 495. The case now before us is, upon its facts, absolutely controlled by the law as announced in the two cases just mentioned; and the judgment of the trial court, not being in accord therewith, must be set aside.

The point now decided was not involved in the case of *Georgia State B. & L. Association* v. *Faison*, 114 *Ga.* 655, but some of the expressions in the opinion in that case seem to indicate that it was. The same, in so far as they conflict with what is now ruled, should be treated as obiter.

*Judgment reversed. All the Justices concurring, except Little, J., absent.*