## BUCHAN *et al. v.* WILLIAMSON.

1. Since the adoption of the act approved December 27, 1894, as now contained in the Civil Code, §§ 5432-3, where a deed to secure a debt has been executed and a bond given to the grantor binding the maker thereof to reconvey the property upon payment of the debt, and both are properly recorded, the grantor named in the deed has not a leviable interest in the property while the title thus remains out of him, and a levy of an execution in favor of another person and a sale of the property thereunder, without having first caused title to be revested in the grantor in terms of the law, will not pass title to the purchaser.

2. Without deciding whether in any case one who takes a deed to secure a debt, makes a bond to reconvey on payment thereof, and subsequently obtains possession under a void sheriff's deed made in pursuance of a sale of the property by virtue of an execution in favor of a third party, might prescribe against the holder of his bond, we do hold that where a petition was brought by the heirs-at-law of the obligee in the bond, seeking to cancel the sheriff's deed, and to set up that the mesne profits received by the obligor in the bond were sufficient to satisfy the debt of their ancestor, such petition should not have been dismissed on the ground that the obligor had a perfect title by prescription, it being alleged that the obligee died within less than seven years after the sheriff's sale, and that all but two of his heirs were minors, and it not appearing that there was administration for a time sufficient to complete the prescriptive period.

3. The petition in the present case was not open to demurrer on the ground that it was in effect a proceeding to set aside a judgment of a court of competent jurisdiction after the lapse of such length of time as would have barred such a proceeding. The attack upon the judgment was upon the ground that it was void and should be treated as a nullity.

4. Where a demurrer containing both general and special grounds was filed to a petition, one of the special grounds raising the question of the necessity for attaching certain exhibits, and another complaining of a failure to make parties, and on the hearing thereof counsel for

plaintiffs requested the presiding judge that, if the grounds of special demurrer should be sustained, he should be allowed a reasonable opportunity to amend, it was erroneous for the judge to refuse the request, stating to counsel that if he had any other amendments to make he had best make them, that it was not his practice to give his reasons, or to state upon which particular grounds of demurrer the judgment of the court was based, and that when the pleadings were closed he would pass upon the case as submitted, and thereupon, after argument, to take the papers under consideration (including all amendments which counsel offered before the hearing closed), and after consideration pass a general order sustaining the demurrer and dismissing the case, without affording any opportunity to correct the defects pointed out by any special grounds of demurrer which the judge may have sustained.

Argued April 9,—Decided November 13, 1908.

Equitable petition. Before Judge Martin. Dodge superior court. November 27, 1907.

S. A. Buchan and others, as the widow and children of T. J. Buchan, filed an equitable petition against A. G. Williamson, to cancel a deed made by the sheriff to the defendant, and to compel a cancellation of a deed to secure a debt, or, in lieu thereof, a reconveyance of the property therein described. It was alleged, that the administrator of Buchan had consented to the bringing of this suit by the heirs; that Buchan, on January 10, 1895, made a deed to Williamson to secure an indebtedness of $1,000, taking from him a bond for title to reconvey upon payment, and both were duly recorded; that subsequently the sheriff made a levy on the property as that of Buchan, under a fi. fa. in favor of Williams & Company against Buchan and others, and at the sale Williamson, the present defendant, became the purchaser on December 1, 1896; that the sheriff placed him in possession, where he had since remained, covering a period of eleven years, enjoying the rents, issues, and profits of the yearly value of $1,000, being more than enough to have paid the indebtedness secured by the deed from Buchan to Williamson; that the judgment under which the sale was made was void; and that the sale was void ( several grounds, among them being that the title was in Williamson, and no deed of reconveyance was made to Buchan before the levy on the property as his. A demurrer to the petition was filed, which was sustained, and the plaintiffs excepted. So far as necessary, the grounds of demurrer will appear from the opinion.

*W. H. Terrell,* for plaintiffs. *DeLacy & Bishop, D. M. Roberts & Son,* and *C. W. Griffin,* for defendant.

ATKINSON, J. 1. By previous decisions of this court it has been held, since the act of December 27, 1894 (Civil Code, §§ 5432-5433), that where a deed to secure an indebtedness has been made and bond for title given to the grantor to make a reconveyance upon payment of the debt, he has not a leviable interest until redemption has been made either by him or by a judgment creditor desiring to subject the property; and that where an execution against the holder of the bond for titles was levied upon the land held thereunder, without his being revested with title, a sale under such a levy passed no title to the purchaser. *Green & Colwell* v. *Hill,* 101 *Ga.* 258 (28 S. E. 692) ; *Black* v. *Gate City Coffin Co.,* 115 *Ga.* 15 (41 S. E. 259) ; *Shumate* v. *McLendon,* 120 *Ga.* 396 (48 S. E. 10) ; *Jordan* v. *Central City Loan & Trust Asso.,* 108 *Ga.* 495 (34 S. E. 132). On the face of this petition it was alleged that an execution in favor of a third party against Buchan was levied on the property as his, while the title was in Williamson as security for a debt, and had not been reconveyed to Buchan. As against a general demurrer, the allegations as they stand would show that no title passed under the sale. Thus the attack upon the sale was sufficient to withstand a general demurrer, as the record now appears.

2. It was alleged that the sale was made December 1, 1896. The suit was instituted in June, 1907. It was also alleged that Buchan died on June 14, 1903, and that before the institution of the suit by the heirs of Buchan, the administrator consented thereto. It did not appear when the administrator was appointed. One ground of demurrer asserted that it appeared on the face of the petition that the defendant had a prescriptive title to the property, and that nothing was alleged which would be sufficient in law or equity to overcome or disturb his prescriptive right or title. This ground is not tenable. No prescription works against the rights of a minor during infancy (Civil Code, §3593) ; nor against an unrepresented estate until representation, provided the lapse does not exceed five years; nor against a joint title which can not be severally enforced when a portion of the owners labor under the disability of infancy. Civil Code, §3595. It is not decided that Williamson could prescribe under the sheriff's deed

against the Buchan claim, while holding Buchan's deed to secure a debt and while his bond to reconvey to Buchan was outstanding; but if he could ordinarily prescribe under such conditions, he could not in this instance. The sheriff's sale was made and possession under the sheriff's deed commenced December 1, 1896. Buchan died on June 14, 1903, six months and 13 days before the statutory period of seven years had elapsed from the commencement of possession. It is not alleged when administration was granted, or that it existed any number of days before the filing of the suit. The mere allegation that the administrator consented that the heirs-at-law should institute the suit would not alone, or when taken in connection with the allegation that all of the period of seven years possession by Williamson had occurred during the life of Buchan, except the six months and thirteen days above pointed out, serve to perfect an inchoate prescription. Thus it is clear that inasmuch as the time possession continued while Buchan lived was insufficient, and there was no allegation as to length of time the estate was represented by the administrator, it could not be said that the declaration showed upon its face that Williamson had prescribed against Buchan or his estate on account of the estate being represented by an administrator. The necessary 6 months and 13 days for prescription to run would remain. Nor would prescription run against the heirs-at-law of Buchan, who were the plaintiffs in the case. Their claim of right was that the mesne profits of the land should be applied to extinguish the debt, and thus give a right to a restoration of title, under the theory as announced in *Polhill* v. *Brown,* 84 *Ga.* 339 (10 S. E. 921). If prescription is a reply to such a claim, all of the heirs were minors except the widow and one child, and all must join in the assertion of this equitable right. Certainly the entire petition could not be dismissed on general demurrer on this ground.

3. Another ground of demurrer was that the petition is in effect a proceeding to attack and set aside a judgment or decree of a court of competent jurisdiction against T. J. Buchan, and it appears upon the face of such petition that said judgment or decree was rendered more than three years prior to the institution of said proceeding to set aside the same, and more than three years prior to the death of said T. J. Buchan, and that said proceeding is therefore barred by the statute of limitations. A care-

ful examination of the allegations contained in the petition will show that it did not amount to a proceeding to set aside the judgment. The sheriff's sale at which Williamson became the purchaser, and in pursuance of which he received the sheriff's deed and entered possession was attacked by the plaintiffs as illegal. Among the reasons assigned why the sale was illegal, it was alleged, in clause (e) of paragraph 8 of the petition, that "there was no legal judgment against said T. J. Buchan upon which to base said execution against said T. J. Buchan in favor of J. P. Williams & Company, the said judgment having been rendered in a suit brought by said Buchan and said Mrs. A. E. Whiddon as administrator of W. B. Whiddon against J. P. Williams & Company and others claiming to be creditors of the estate of W. B. Whiddon, for the purpose of marshalling the assets of the estate of W. B. Whiddon, deceased, there being no authority in law for the rendition of a personal judgment against the administrator in such a proceeding." There was no prayer that this judgment be set aside, or any other relief prayed with reference thereto. Under these circumstances the most that could be said of the reference to the judgment is that there was an effort upon the part of the plaintiffs to treat it as a nullity on the ground that it was void as having been rendered without any authority of law. Whatever may be said of the validity or invalidity of the judgment for the reason assigned, the plaintiffs' petition should not have been dismissed upon the ground of demurrer directed against this part of the pleadings.

4. Another ground of the demurrer was: "Because said petition seeks to attack and set aside a judgment or decree, certain deeds, and other proceedings, and no copy of the judgment and decree, deeds, or other proceedings sought to be set aside is attached as an exhibit to said petition, and because the parties thereto are not made parties to said petition which seeks to set the same aside." Another ground of the demurrer was: "Defendant specially demurs to clause (e) of paragraph 8 of said petition, upon the ground that the same merely pleads a conclusion in alleging that 'there was no legal judgment against T. J. Buchan,' as set forth in said clause and paragraph, and no facts are stated therein which show that the judgment complained of was not a legal judgment; and further upon the ground that in the identical

case mentioned in said clause and paragraph, to which said T. J. Buchan was a party, the Supreme Court of Georgia held and decided that said judgment complained of was a valid and legal judgment, and affirmed the same; so that the question of its legality is res judicata, as shown by the decision of the Supreme Court in said case in volume 98 Georgia Reports, page 310, and complainants claiming in privity with said T. J. Buchan, as shown by their petition, they are concluded by said decision." A general and a special demurrer were not filed separately, but all of the grounds were included in a single demurrer. The presiding judge passed the following order: "After hearing the argument on the demurrer filed in this case, it is ordered by the court that the said demurrer be sustained, and the plaintiffs' petition be dismissed at plaintiffs' cost." This order should be construed as sustaining the entire demurrer on all the grounds thereof. *Gunn* v. *James,* 120 *Ga.* 482 (48 S. E. 148). We have already dealt with all the grounds except those last quoted. It will be seen that the first of these raises the point that certain proceedings and the judgment and deed attacked should be set out as exhibits to the petition, and that it appeared that there was a want of necessary parties. The second sets up the contention that the allegation in regard to the judgment is a conclusion, and also undertakes to plead res adjudicata. This latter feature was not a proper subject of demurrer, the former adjudication not appearing on the face of the record. To this extent it was a speaking demurrer, and to sustain it was not proper. Omitting that feature, apparently the presiding judge held that it was necessary to attach certain exhibits to the petition in order that the facts might fully appear, and at the same time dismissed the petition because the facts in regard to the judgment did not appear, and because some omitted parties not specifically named were necessary. Civil Code, § 5045, requires the judge of the superior court at each term to call all cases on the appearance docket, and hear and decide all objections made to the sufficiency of petitions and pleas, and provides that he may, by order, dismiss the plaintiff's petition, or strike the defendant's plea for non-compliance with the requirements of law, unless the defect is cured by amendment, and that the court may, on good cause shown, allow a reasonable time in his discretion for making and filing such amendment. This evidently con-

templates the possibility of curing the defect by amendment, and authorizes the judge to allow a reasonable time in his discretion for that purpose, on good cause shown. Considerable latitude is given to him as to the allowance of time and the extent of such allowance, in order that justice may be done, but not delayed unreasonably. Whenever a defendant raises some objection to the plaintiff's petition, particularly by way of special demurrer calling for fuller allegations on some subject or the attaching of exhibits, it does not follow as a matter of course that the objection is well founded, and the plaintiffs are at least entitled to a ruling of the court on the point before suffering dismissal. A plaintiff is not bound in all cases to follow the suggestions of his adversary on pain of having his case dismissed. In the present case exhibits which may be of considerable extent were declared to be necessary by the defendant, and the plaintiff seems to have controverted that position, and to have claimed that they were unnecessary. Was he not entitled to ask the judgment of the court settling the disputed point of necessity before adding the exhibits? In some cases long records or books are referred to, and it is asked that they be considered without attaching them as exhibits and thus greatly enlarging the pleading. Sometimes reference and profert have been permitted in lieu of making exhibits under particular circumstances. Suppose that the plaintiff should bona fide think that it was not necessary to make a certain exhibit, and the defendant should set up by way of special demurrer that the exhibit should be made. Is the plaintiff bound in all events to yield his judgment and submit to that of the defendant, or may he ask the court to decide the point of contest between them? We think he may. In regard to that ground of demurrer complaining of a failure of the plaintiffs to set forth a copy of the judgment and decree and deeds and other proceedings attacked by the plaintiffs, we think the better practice would have been to pass upon the ground of demurrer, and, if it was sustained, to allow such reasonable opportunity for amendment as the judge might, in the exercise of a sound discretion, determine was proper; so also we think the court should have ruled on that ground of demurrer which complained of the failure of the plaintiffs to make parties to the present suit such persons as were interested in sustaining the proceeding, judgment, and decree above referred to, and to

have afforded a like opportunity to amend, if the plaintiffs should have desired to amend after the ruling. Under the ruling as made by the court, it is impossible to tell, except by implication, who, if any, of the parties were held by the court to be necessary parties.

The bill of exceptions contains the following recital: "During the hearing of said demurrer, plaintiffs requested the said judge to make his ruling on the special demurrers of the defendant separately, and, in the event he sustained any of said special demurrers, that he put in his order a time limit within which plaintiffs should be allowed to amend their petition to meet the same, if they could do so. This request of plaintiffs was refused and denied by said judge, who stated to counsel for plaintiffs that if he had any other amendments to make to meet the demurrer, that he had best make them; that it was not the practice of the court to give his reasons, or state upon which particular grounds of demurrer the judgment of the court was based in overruling or sustaining demurrers, or to suggest to counsel in what respect the court thought pleadings required amendment; and that when the pleadings had been closed and submitted and argument had thereon, the court would pass upon the case as submitted to him by counsel. All the time asked for was given plaintiffs' counsel, who, after making certain amendments, expressly stated to the court that he had no other amendments to offer." As will appear from what has already been said, we do not think that this was proper practice, under the facts of the present case. Where the court takes the papers and renders his decision afterwards in the absence of counsel, and declines to state on what grounds he predicates his order, or which grounds he sustains, or to give them any other opportunity to offer an amendment, in spite of a request to do so, after announcing his ruling, counsel are put in the somewhat difficult position of having to amend so as to cover every objection which is raised by his adversary, regardless of whether he believes it to be well taken or not, or else to risk the dismissal of his case for failure to meet a ground of special demurrer, if the presiding judge should differ with him in his view of the matter. Of course the judge is not required to advise counsel, or to intimate to them, what amendments they should make; but that is quite different from passing on a ground of demurrer which

raises a contention between the parties as to whether an allegation on some particular point should be made fuller, or whether certain exhibits should be attached to a petition, or the like. No ruling has ever been made upon the exact point now before us, but intimations will be found in *Ripley* v. *Eady,* 106 *Ga.* 422, 424 (32 S. E. 343), and *Lamar, Taylor & Riley Co.* v. *First National Bank,* 127 *Ga.* 452 (56 S. E. 486).

Upon consideration of the entire case as it appears in the record before us, we are of the opinion that the proper disposition of it by this court is to reverse the judgment, with direction that the presiding judge pass upon the special grounds of the demurrer separately, and, if he sustains any of them, that he allow counsel for plaintiffs such reasonable opportunity to amend as he may deem proper in the exercise of a sound discretion. If the decision is rendered in the absence of counsel, or of notification to them, the order should allow a reasonable time for the making of any amendment to cure the defects pointed out by special demurrer and determined to exist, as requested by counsel for plaintiffs. If no amendment is made, or, if made, it fails to cure the defects, if any, held to exist in the petition, it can then be properly dealt with.

*Judgment reversed, with direction. All the Justices concur.*