GREENFIELD, executor, *v.* STOUT, cashier.

1. A warranty deed to "E. H. P.," vice-president of the National Bank of the Republic," conveys title to E. H. P. individually, the words "vice-president," etc., being descriptio personæ ; and where such a deed recites that it is given as security for a debt, and contains a power of sale, that power can not be exercised by "C. H. S., cashier of the National Bank of the Republic."

2. The filing of such a deed for record in the office of the clerk of the superior court of the county in which the land was situated was notice to the world of its execution from the time it was filed.    *Durrence* v. *Northern National Bank*, 117 *Ga.* 385, approved.

3. Where a warranty deed to secure a debt contains no defeasance clause, and no bond to reconvey is executed contemporaneously therewith, the grantee being given the power to sell the land at public outcry upon default in the payment of the debt, it is not necessary that title be again placed in the grantor in order to bring the property to sale.

4. Where the title conveyed by such a deed is in a bank, the power of sale can not be exercised by "C. H. S., cashier" of the bank.

5. Where the grantor in a security deed dies after the execution of the deed, in exercising the power of sale the property should be sold as that of his estate.

Submitted February 13, —Decided March 6, 1905.

Petition for injunction.    Before Judge Mitchell.    Berrien superior court.    January 16, 1905.

*John Murrow, J. J. Murray,* and *W. J. Wallace,* for plaintiff. *Buie & Knight* and *White & Case,* for defendant.

CANDLER, J.  In 1894, Weston conveyed the land which is the subject-matter of the present suit to "E. H. Pullen, vice-president of the National Bank of the Republic, of the city of New York." The deed recited that it was given to secure the payment of certain promissory notes, and was "intended to operate as provided in sections 1969-1970 & 1971 of the Code of 1882, in regard to the sales of property to secure debts, and to pass the title of the property described unto the said E. H. Pullen, Vice-Pres. of the said National Bank of the Republic." It also stipulated that if the debt to secure which it was given was not paid at maturity, " the said

E. H. Pullen, Vice-President, his agent or legal representatives, may and by these presents is authorized to sell at public outcry," etc., the property conveyed by the deed ; and that " the said E. H. Pullen, Vice-President as aforesaid, his agent or legal representatives, may make to the purchaser or purchasers of said property good and sufficient title to the same." It appears that this deed was recorded on the mortgage records in the office of · the clerk of the superior court of Berrien county. Subsequently Weston died, and in 1901 his administrators conveyed the land in ˜dispute to D. Greenfield. D. Greenfield died, leaving a will in which he appointed A. D. Greenfield, the plaintiff in the present action, his executor. In September, 1904, Stout, cashier of the National Bank of the Republic, proceeded to advertise the land for sale under the power contained in the deed from Weston to Pullen ; whereupon the plaintiff, as executor of the estate of D. Greenfield, filed his petition to enjoin the sale. A temporary restraining order was granted, but at the hearing this was dissolved and an injunction refused. The plaintiff excepted.

1. As will have been seen, the controlling question for our decision is as to the effect of the deed from Weston to Pullen. Did that instrument convey the legal title to the land to the National Bank of the Republic, or were the words " vice-president," etc., merely descriptio personæ ? A bank, like any other corporation, can of course act only through its agents and officers; and owing to the necessities of business and the evolution of modern banking customs, an officer of a bank may do many things which will inure to the benefit or injury of the corporation. Thus, a negotiable promissory note payable to "A. B., cashier," may be sued on by the bank in its corporate name. *Collins* v. *Johnson*, 16 *Ga.* 458 ; *Hobbs* v. *Chemical Bank*, 97 *Ga.* 524 ; *Roush* v. *First Nat. Bank*, 102 *Ga.* 109 ; 1 Morse, Banks & Banking, § 170. This principle, as has been stated, arises from the necessities of modern business, and was unknown to the law merchant. We have been unable, however, to find any ruling to the effect that a deed to real estate to an officer of a bank in his individual capacity conveys any legal title to the bank which he represents. That a deed to " E. H. Pullen, vice-president of the National Bank of the Republic, of the city of New York," is in legal effect but a deed to E. H. Pullen in his individual capacity, is, we think clearly settled by

repeated rulings of this court. See *Wade* v. *Roberts*, 53 *Ga.* 27; *State* v. *Sallade*, 111 *Ga.* 701; *Dozier* v. *McWhorter*, 117 *Ga.* 786; *Glisson* v. *Weil*, 117 *Ga.* 842; *Fargason* v. *Ford*, 119 *Ga.* 343; *Arrowood* v. *McKee*, 119 *Ga.* 623; *Stephens* v. *Atlanta*, 119 *Ga.* 666.

We do not mean to hold that the bank has no interest whatever in the land which was conveyed to its vice-president. On the contrary, the evidence of Stout on the trial in the court below, as well as the contentions of the parties in the briefs filed in this court, seems to indicate that it has a clear equitable title to the land, and that by appropriate proceedings in a court of equity it may subject the property to the payment of its debt. Pullen, in his individual capacity, may advertise and sell the property under the power contained in the deed to him. If for any reason this can not be done, the bank may, by appropriate proceedings, go into equity and ask that the deed be so reformed as to make it speak the intention of the parties. *Dozier* v. *McWhorter*, 117 *Ga.* 789. But nothing is more clear than that the property can be sold in this manner by no one except the holder of the legal title; and as neither the bank nor Stout, its cashier, holds the title as it now stands, neither of them can bring the land to sale. See, on this subject, *Luquire* v. *Lee*, 121 *Ga.* 624.

2. The case of *Durrence* v. *Northern Nat. Bank*, 117 *Ga.* 385, settles adversely to the plaintiff in error his contention that the record of the deed from Weston to Pullen was not notice to the world, because entered in mortgage book instead of deed book.

3. The deed from Weston to Pullen contained no defeasance clause, and, so far as this record shows, no bond to reconvey was executed contemporaneously with it, although the conveyance recites that it was executed under sections 1969 et seq. of the code then in force. It was not necessary, in order to subject the property to the payment of the debt which it was intended to secure, for the grantee to file a deed of reconveyance for the purpose of levy and sale. The deed conferred upon him a power of sale directly, and it was his privilege to exercise that power without reconveying the property to the grantor. See *Biggers* v. *Bird*, 55 *Ga.* 650; *Williamson* v. *Orient Ins. Co.*, 100 *Ga.* 791; *Jewell* v. *Walker*, 109 *Ga.* 241.

4, 5. From what was said in the first division of this opinion, it follows that should title be conveyed to the bank, or should the bank obtain a decree from a court of equity reforming the deed from Weston to Pullen so as to place title in it, the property could not be sold, under the terms of the deed, by "Charles H. Stout, Cashier of the National Bank of the Republic." It is also obvious that as Weston, the grantor in the deed to Pullen, is dead, the land can not be sold as his property, but should be sold as the property of his estate.

*Judgment reversed. All the Justices concur.*