## McCRANIE v. HUTCHINSON.

1. An administrator who has been adjudged to be insane is disqualified further to act, and the estate is unrepresented so as to authorize the appointment of an administrator de bonis non to complete the administration.

2. There is no provision of law vesting the administration of an estate in the guardian of the property of an insane administrator, and as between such person and the son of the intestate the latter is entitled to letters of administration.

3. Though a deed to one as the administratrix of her intestate may technically vest the title in the administratrix as an individual, it may be shown that it is impressed with an equity in favor of the estate of her intestate. Where the uncontroverted evidence is that the administratrix's intestate was in possession of the land at his death, and that she paid some of the purchase-money from the proceeds of the sale of the personal property of her intestate, and, after taking the deed to herself as administratrix, caused her dower to be laid off in the land and procured deeds to the land to herself from some of the heirs of her intestate, and afterwards was adjudged insane, there was no error in holding that an administrator de bonis non should be appointed.

4. There was no laches on the part of the applicant, that barred his right to have an administrator de bonis non appointed.
                            APRIL 18, 1913.

Appeal. Before Judge Thomas. Berrien superior court. March 19, 1912.

*Shipp & Kline* and *Alexander & Gary,* for plaintiff in error.
*C. E. Parrish,* contra.

EVANS, P. J. On October 3, 1864, Sarah Hutchinson, widow of R. N. Hutchinson, was appointed administratrix of his estate. On January 30, 1908, she was adjudged insane and a guardian was appointed for her property. She had never been discharged from the administration of the estate. In 1911 E. N. Hutchinson, a son of R. N. Hutchinson, applied for administration de bonis non on his father's estate. The application was caveated by E. W. McCranie, who averred himself to be a creditor of the estate and guardian of the insane administratrix. The grounds of the caveat were, that the estate of R. N. Hutchinson had been fully administered by Sarah Hutchinson, the administratrix; that the delay of forty-seven years by the heirs of the intestate is such laches as estops them from asserting that the estate had not been fully administered; but if for any reason further administration was found to be necessary, the caveator, creditor of R. N. Hutchinson and guardian of the property of Sarah Hutchinson, was entitled to be appointed as administrator. On the trial it further appeared, that R. N. Hutchinson died about the year 1864, in possession of 135 acres of land in lot number 291 in Berrien county, that shortly after his death a sale was had of his personal property to pay a small balance due on the land; that Sarah Hutchinson was the second wife of R. N. Hutchinson, and the applicant is a son of a former marriage; that since R. N. Hutchinson's death, the widow, together with some of the children, have occupied the land; that some of the children have died leaving issue; that on December 3, 1864, D. P. McDonald conveyed the land to Sarah Hutchinson, administratrix of the estate of R. N. Hutchinson, which deed was recorded on March 15, 1865; that on October 17, 1866, a dower of 57 acres in this land was set apart to Sarah Hutchinson as widow of R. N. Hutchinson; that in 1907 some of the children of R. N. Rutchinson joined in a deed with others to Mrs. Sarah Hutchinson, conveying the same land. The court directed a verdict for the applicant, and exception is taken to this ruling.

1. Does the insanity of an administrator leave the estate unrepresented, so as to authorize the appointment of an administrator de bonis non? The code declares that "administration de bonis non is granted upon an estate already partially administered and from any cause unrepresented." Civil Code, § 3939. A person becoming insane no longer possesses the qualifications necessary

for the intelligent discharge of business functions, and an insane person is incapacitated to discharge the duties of administering an estate. The insanity of the administratrix, occurring after her appointment, leaves the estate unrepresented, and it is proper to appoint a successor.

2. There is no provision of law vesting the administration of an estate in the guardian of the property of an insane administrator, and as between such person and the son of the intestate the latter is entitled to letters of administration. Civil Code, § 3943.

3. The proposition most warmly contested in the argument is the construction of the deed from McDonald to Sarah Hutchinson, administratrix of R. N. Hutchinson. The applicant contends that the title was conveyed to the estate of R. N. Hutchinson, and the caveator insists that title vested in Sarah Hutchinson, and that the added words "administratrix of the estate of R. N. Hutchinson" are simply descriptio personæ. This is really the test question in the case, because the evidence does not show that there is any other property belonging to the intestate. It has been ruled that "a deed to E. H. Pullen, Vice-President of the National Bank of the Republic of the City of New York, is in legal effect but a deed to E. H. Pullen in his individual capacity." *Greenfield* v. *Stout,* 122 *Ga.* 303 (50 S. E. 111). Though the technical legal title may be in the administrator, it may be shown that it is impressed with an equity in favor of the estate. *Board of Education* v. *Day,* 128 *Ga.* 162 (57 S. E. 359). For instance, suppose R. N. Hutchinson purchased the land but failed to take a title: his administrator could not defeat his heirs by procuring a title to himself. The record shows that there is a dispute over the ownership of the land. The applicant submits proof tending to show that R. N. Hutchinson died in possession of the land, that the balance of the purchase-money was paid by the administratrix from the sale of personal property belonging to her intestate, that she took the deed to herself as administratrix of R. N. Hutchinson, and that she recognized the land as belonging to her intestate by taking a dower therein and by purchasing the interests of some of the heirs at law of the intestate. We think this evidence sufficient to show such interests in the land to be in the estate as will support a grant of administration. The appoint-

ment of an administrator de bonis non is supplementary to a prior administration, and is based on a vacancy in the preceding administration, and unadministered assets. It is not necessary, before granting an administration, to conclusively show that there are assets which have not been administered; if a prima facie case of assets is made, it is sufficient to give the court power to appoint an administrator de bonis non, and leave the proper court to settle the title to the property. Scott v. Fox, 14 Md. 393; Pumpelly v. Tinkham, 23 Barb. (N. Y.) 321. We think the evidence made a prima facie case of an unadministered asset, such as to authorize the appointment of an administrator de bonis non.

4. The dower estate has not yet terminated, and for that reason, if none other, the administration is not stale.

*Judgment affirmed. All the Justices concur.*