SORRELL *v.* BRITISH AMERICAN MORTGAGE COMPANY *et al.*

ATKINSON, J. 1. A temporary administrator instituted suit to set aside a sale of land, made at public outcry under a power of sale contained in a security deed executed by plaintiffs' intestate, on the grounds: (*a*) that the price obtained was grossly inadequate, and that the property was prematurely knocked off to the successful bidder, and immediately thereafter a request was made to resell the property, at which resale a greater bid would be made, and the request was refused; (*b*) that the property was advertised for sale as the property of the grantor named in the security deed, and was cried off as the property of such grantor, whereas at the time of such advertisement and sale the grantor was dead, for which reason the sale would be void. The power of sale was not set forth in the pleadings, nor was it introduced in evidence, and there was nothing to show its terms. The purchaser set up in his answer that before the sale the plaintiff had informed him that the sale would be valid and had induced him to become a bidder, and himself did participate as a bidder at the sale, and, while denying the invalidity of the sale, alleged that the plaintiff was estopped from attacking the sale upon the grounds taken. The evidence as to the matters relied on for estoppel was conflicting. *Held,* that under the state of the record it is impossible to determine the scope of the power of sale with such certainty as to pass upon the validity of the sale as matter

33

of law; and on the uncertain state of the record, the burden being upon plaintiff to show error, the judgment refusing an interlocutory injunction will not be disturbed.

2. The question of the authority of a temporary administrator to maintain a suit of this character is not raised.

*Judgment affirmed. All the Justices concur.*

No. 810. NOVEMBER 14, 1918.

Petition for injunction. Before Judge Thomas. Colquitt superior court. February 26, 1918.

*Parker & Gibson,* for plaintiff.

*James Humphreys, James L. Dowling, Erle B. Askew, W. C. Mather,* and *Shipp & Kline,* for defendants.