PENN MUTUAL LIFE INSURANCE CO. *v.* DONALSON, exr.

No. 9394.  MAY 12, 1933.

88

*Dasher & Carlisle,* for plaintiff in error.

*Erle M. Donalson* and *Poitle, Farkas & Cobb,* contra.

Gilbert, J. ■ A sale of land under power contained in a security deed and conforming in all particulars to requirements of the said power, but where the advertisement contained the words: "The above land will be sold for the purpose of paying the indebtedness of the said John E. Donalson *who is now deceased* [our emphasis] to Penn Mutual Life Insurance Company," was not a void sale. The case of *Greenfield* v. *Stout,* 122 *Ga.* 303 (50 S. E. 111), is cited as authority to the contrary. In that case, Weston, the owner of land, executed a security deed to "E. H. Pullen, vice-president of the National Bank of the Republic, of the City of New York." The deed contained a power of sale containing the following: "the said E. H. Pullen, vice-president, his agent or legal representative, may and by these presents is authorized to sell at public outcry," etc., the property conveyed. Subsequently Weston died. The debt was not paid. Stout, cashier of the National Bank of the Republic, proceeded to advertise the land for sale under the power contained in the deed from Weston to Pullen. A petition in equity was filed, contesting the right of Stout, cashier of the bank, to sell the land. This court decided that the security deed did not convey the legal interest to Stout or to the bank; that the legal interest was conveyed to Pullen in his individual capacity. The power of sale was likewise in Pullen. Neither Stout as cashier nor the bank itself was the agent of Pullen, and neither was possessed of any power of sale under the security deed. The facts above stated required a re-

versal of the judgment refusing to grant an injunction. The language in the headnote was misleading. To say that in "the exercise of the power of sale the property should be sold as that of his estate" was not necessary to the decision, and stated a wrong reason for the ruling. That case was followed in *Alexander* v. *Chipstead,* 152 *Ga.* 851, 863 (111 S. E. 552), in a restricted sense, it being said: "We are not now prepared to hold that a sale, under such circumstances, to an innocent purchaser for value, would be void on account of such irregularity; but as between the parties to such power of sale, on the authority of *Greenfield* v. *Stout,* we hold that such sale would be void, it being the law until reversed." In *Alexander* v. *Chipstead* the sale was attacked on two grounds: (1) that the notice under which the sale was held does not advertise the property as the property of her intestate; (2) that the advertisement did not state that the property was being sold *under power of sale.* The latter point was a sufficient reason for setting aside the sale. Where the advertisement made no mention of the power of sale, it was well calculated to deter bidders and to depress the sale. Instead of placing the decision upon that point, the decision merely followed the words of *Greenfield* v. *Stout,* supra. We have shown that that ruling is not controlling.

In *Laramore* v. *Jones,* 157 *Ga.* 366, 372 (121 S. E. 411), Mr. Justice Hines speaking for the court, all Justices concurring, said, referring to the case of *Alexander* v. *Chipstead:* "The writer of the opinion in that case reluctantly followed the previous ruling in *Greenfield* v. *Stout,* 122 *Ga.* 303 (50 S. E. 111). We shall not extend said ruling beyond the facts of that case; but shall confine it to sales where grantees in the instruments embodying powers of sale become the purchasers." It is true that the grantee in the security deed became the purchaser in this case. That does not furnish any sound reason for following the unsound ruling in the *Greenfield* case. This court has twice declared its disapproval of that case, as shown above. We followed it reluctantly and restricted its application. The court, in *Greenfield* v. *Stout,* stated no reason for the rule. There were sound and compelling reasons for reaching the same result, shown in the case. It is clear that the ruling in *Greenfield* v. *Stout* that under the power the property should have been sold as "the property of his estate" was not necessary to the correct decision of the case. It stated an incorrect basis, where there was a perfectly sound basis, expressly shown by the record.

Moreover, an advertisement of land to be sold as the property "of the estate" of a named person would be logically inaccurate, and not in accordance with law. The "estate of" a named person can not be the owner of property. "The owner of property must be a natural person, a corporation, or a quasi person or entity, such as a partnership. The law recognizes no other owners of property. 'The estate of A. J. Miller' is not the name of a natural person, and does not import either a partnership or a corporation." *Miller* v. *Brooks,* 120 *Ga.* 232, 234 (47 S. E. 646). It has repeatedly been held that a tax execution issued against "the estate of" a named person is void, and that a sale of the property thereunder is void. *Burns* v. *Lewis,* 86 *Ga.* 602 (13 S. E. 123); *Miller* v. *Brooks,* supra; *Ayer* v. *Chapman,* 146 *Ga.* 608 (91 S. E. 548); *Decatur County* v. *Bowie,* 167 *Ga.* 694 (146 S. E. 477). Since the adoption of the Code, executions for state and county taxes stand on the same footing, as to the levy and sale of property, as executions issued under judgments at law. *Byars* v. *Curry,* 75 *Ga.* 515; *Morris* v. *Davis,* 75 *Ga.* 174; *Norris* v. *Coley,* 100 *Ga.* 554 (28 S. E. 222). It follows from the ruling just quoted that an execution against "the estate of" a named person would be void for similar reasons. However, a judgment rendered or an execution issued does not become void because the defendant therein subsequently dies. The execution may be enforced against the property of the deceased. The power of sale contained in the security deed takes the place of the judgment and the fi. fa.; and land sold under the former, that is, under the power, derives its force and validity from the terms of the power. The effectiveness and enforceability after the death of the grantor depends upon whether death revokes the power or not. Where, as in this case, the power is contained in a security deed and expressly provides that it is irrevocable, the death of the grantor does not affect the power. *Lewis* v. *King,* 165 *Ga.* 705 (141 S. E. 909), and cit. Under the terms of the power, where the land is described in the advertisement and there is no fraud or deception, the purchaser at a sale under the power after the death of the grantor obtains as good title as the grantor had. Logically the land should not be advertised as the property of "the estate of" the grantor.

In this case the property was not advertised or sold as the property of the deceased, John E. Donalson, but was sold to pay "the indebtedness of the said John E. Donalson, who is now deceased."

In fact it was not the property of the deceased or of his heirs. *Jones* v. *Laramore,* 149 *Ga.* 825 (7) (102 S. E. 526); *Gilliard* v. *Johnston,* 161 *Ga.* 17 (2) (129 S. E. 434). "The only equity which the administrator of the grantor has is to tender payment of the debt secured, and thus to stop the sale, as the cases cited and others in our reports abundantly show." *Roland* v. *Coleman,* 76 *Ga.* 655. The maker of the deed, and his estate after his death, owned an equity, it is true, but the legal title was at all times, subsequently to the making of the security deed, in Penn Mutual Life Insurance Company. The equity was subject to sale, but not to a levy. The trustees, under power of sale contained in the deed, sold the land in full compliance with the power of sale, for the purpose of paying the debt, as set out in the security deed. The advertisement showed all of such facts, and showed further the page and book where the deed was recorded in the clerk's office, and the date of the record, as well as the parties to the transaction. To hold otherwise is to substitute shadow for substance. This court, all of the Justices concurring, in *Sorrell* v. *British American Mortgage Co.,* 148 *Ga.* 513 (97 S. E. 441), held that in a suit instituted to set aside a sale of land at public outcry under a power of sale contained in a security deed executed by plaintiff's intestate, where the property was advertised for sale as the property of the grantor, and where at the time of the sale the grantor was dead, the sale was not void. It is true that it was also held that "under the state of the record it is impossible to determine the scope of the power of sale with such certainty as to pass upon the validity of the sale as matter of law;" yet the judgment refusing to enjoin the sale was affirmed. That decision must be followed, rather than those in the cases of *Greenfield* v. *Stout* and *Alexander* v. *Chipstead.* Whatever may have been the portions of the power of sale which could not be determined, the court could and did determine that the property was advertised for sale as "property of the grantor," and did hold that such sale was not void. It is of prime importance in the administration of justice that courts should adhere to substance instead of shadow. It seems wholly unjust to set this sale aside and to require the holder of the security deed to readvertise and resell, with all of the delay and expense incident thereto, when the final result must be the same as that already reached. There are no facts derivable from the record which can possibly lead to any other result than

payment of the loan or sale of the land for the purpose of paying the debt.

■ "The power of sale in a mortgage simply gives to the mortgagee a remedy for the collection of his debt in a summary way. The presence of such a power in the mortgage simply evidences an agreement between the parties that the mortgagee shall be relieved from the necessity of resorting to a foreclosure at law or in equity. That portion of the mortgage containing the power, like all other contracts, is to be so construed as to effectuate the intention of the parties, and the power must be exercised in accordance with the intention of the parties as indicated in the clause in the mortgage conferring the power. The power is conferred for the purpose of enabling the mortgagee to collect his debt." *Garrett* v. *Crawford,* 128 *Ga.* 519, 521 (57 S. E. 792, 119 Am. St. R. 398, 11 Ann. Cas. 167). A power of sale in a deed has the same effect as in a mortgage. "A power of sale is a trust." *Coleman* v. *Cabaniss,* 121 *Ga.* 281 (2) (48 S. E. 927). The power to sell included in the security deed was reposed in named trustees or their successors. Such power is derived from the terms of the deed as a contract between the parties. *Garrett* v. *Crawford,* supra. The law does not require the trustee exercising the power to reconvey the property to the vendor before the sale under the power. The law does require such reconveyance where a judgment has been rendered on a security deed and the property is to be sold at judicial sale requiring a levy, and where the proceeding is not based upon a power of sale. Civil Code (1910), § 6037. A trustee may exercise a power of sale who has neither legal nor equitable interest. *Headen* v. *Quillian,* 92 *Ga.* 220 (18 S. E. 543); *Coleman* v. *Cabaniss,* supra, *Woodbery* v. *Atlas Realty Co.,* 148 *Ga.* 718 (98 S. E. 472). A trustee under power of sale, unless so required under the terms of the instrument creating the power, need not give notice to the grantor in order to effect a valid sale. *Garrett* v. *Crawford,* supra; *King* v. *Walker,* 141 *Ga.* 64 (80 S. E. 312). Where the power does not require the trustee to be in possession of the land, he need not be so in order to effect a valid sale. *Cohen* v. *Meador,* 137 *Ga.* 552 (73 S. E. 749); *King* v. *Walker,* supra. There is no contention that the sale did not take place on a legal day for such sales, or that there was any failure to comply with the law except in the particulars stated. The power of sale, however, does not require the sale to take place on the regular

legal sale day. *Brown* v. *Federal Land Bank of Columbia,* 176 *Ga.* 670 (168 S. E. 775).

Civil Code § 3306, which is a codification of the act of 1871 (Ga. L. 1871-72, pp. 44, 45), appeared in the Code of 1882 and all subsequent Codes, and provided that security deeds, such as that here involved "shall be held by the courts of this State to be an absolute conveyance, with the right reserved by the vendor to have said property reconveyed to him upon the payment of the debt or debts intended to be secured agreeably to the terms of the contract, and not a mortgage." By act of the General Assembly (Ga. L. 1924, p. 56) that section was so amended as to provide that "No bond to reconvey shall be necessary where such deed shows upon its face that it is given to secure a debt." In *Dykes* v. *McVay,* 67 *Ga.* 502, this court held: "A deed to secure a debt passes the legal title, and will authorize a recovery in ejectment." In *Hines* v. *Rutherford,* 67 *Ga.* 606 (4), the court held that suing to "judgment for the balance of the purchase-money will not bar a subsequent suit in ejectment for the land." That was an ejectment suit, where the land had been sold and a bond given to make title on full payment of the purchase-money. The principles are the same respecting a security deed. In *Ashley* v. *Cook,* 109 *Ga.* 653, 655 (35 S. E. 89), after stating the principles involved in the last two mentioned cases and citing authority, the court said: "It is true that the statute (Civil Code [1895], § 5432) [1910 § 6037] gives another remedy, that is, to obtain a judgment on the debt, reconvey to the grantor, levy on and sell the land; but the remedy thus given is by no means exclusive. *Dykes* v. *McVay,* 67 *Ga.* 502; *Hines* v. *Rutherford,* 67 *Ga.* 607." Thus it will be seen that the present Civil Code in section 6037 provided a remedy which was called in *Ashley* v. *Cook* "another remedy," that is "to obtain judgment on the debt, reconvey to the grantor, levy on and sell the land." Civil Code (1910) § 6037 was codified from the act of the General Assembly of 1894 (Ga. L. 1894, p. 100). The creditor is not deprived of other remedies which were existing theretofore. Compare *Hines* v. *Rutherford,* 67 *Ga.* 606, 614. In *Smith* v. *Fourth National Bank,* 145 *Ga.* 741, 743 (89 S. E. 762), speaking of the effect of the act of 1894, this court said: "Prior to the passage of the act of 1894, a vendee of land holding under a bond for title, with a portion of the purchase-money paid, had an interest in the land which was subject to

levy and sale. Since that act, which is incorporated in the Civil Code (1910), §§ 6037-6039, the holder of a bond for title has no leviable interest in the land, without reference to whether any portion of the purchase-money has been paid, and until he becomes invested with the legal title such interest is not subject to levy and sale. These code sections are applicable to security deeds; and this court has ruled that "a security deed conveys the absolute title, and leaves the grantor no interest in the land which can be subjected to levy and sale by a creditor whose judgment was obtained after the deed was executed." In *Buchan* v. *Williamson*, 131 *Ga.* 501, 502 (62 S. E. 815), Mr. Justice Atkinson said: "By previous decisions of this court it has been held, since the act of December 27, 1894 (Civil Code [1895], §§ 5432-5433) [1910, §§ 6037-6038], that where a deed to secure an indebtedness has been made and bond for title given to the grantor to make a reconveyance upon payment of the debt, *he has not a* leviable interest [italics ours] until redemption has been made either by him or by a judgment creditor desiring to subject the property; and that where an execution against the holder of the bond for titles was levied upon the land held thereunder, without his being revested with title, a sale under such a levy passed no title to the purchaser. *Green & Colwell* v. *Hill*, 101 *Ga.* 258 (28 S. E. 692) ; *Black* v. *Gate City Coffin Co.*, 115 *Ga.* 15 (41 S. E. 259) ; *Shumate* v. *McLendon*, 120 *Ga.* 396 (48 S. E. 10) ; *Jordan* v. *Central City Loan & Trust Asso.*, 108 *Ga.* 495 (34 S. E. 132)." Thus it will be seen that the object accomplished, and the reason for the legislation in the passage of the act of 1894 with regard to reconveyances, was to place a *leviable interest* in the vendor or maker of the security deed, so that a levy on the land as his property could be legally made. No other reason for that legislation has ever been suggested, and no other object is accomplished by it.

What has been said above is intended to draw attention to the fact that a reconveyance of title was intended to and did accomplish only one thing: that is, to place legal title in the vendor so that a lawful levy could be made. Another object is to show that the holder of the security deed lost none of the rights which he already possessed by reason of the passage of the act of 1894, Civil Code (1910), § 6037. There is no merit in the contention that, in order to carry out the intention of the parties in a power of sale contained in the security deed, before making the sale the holder

of the legal title under the deed should reconvey it to the grantor. No levy is required or appropriate. Therefore the reason for the reconveyance in case of a levy does not apply. The trustee, clothed with power of sale, conveys the equity of the debtor and the legal title of the creditor, combining the two interests to convey the entire interest. The trustee exercising the power represents both parties with respect to their several interests—by contract being clothed with what may be called power of attorney to act for both. The sale forever bars the equity of redemption. The same principle was applied by this court in *Ryals* v. *Lindsay,* 176 *Ga.* 7 (167 S. E. 248), where a debt secured by deed to land was foreclosed in equity in a Federal court, and the land was sold under order of court without a reconveyance to the debtor, the grantor. The sale was attacked because of the failure to reconvey title. This court held that reconveyance was not essential; that the creditor had the option to reconvey, then levy and sell at judicial sale, but that such was not necessary. He could foreclose as an equitable mortgage, and by such foreclosure without reconveyance the equity of redemption was forever barred.

The question here presented was actually ruled in *Greenfield* v. *Stout,* 122 *Ga.* 303(3) (supra), and in *Hiers* v. *Exum,* 158 *Ga.* 19 (122 S. E. 784). In the *Greenfield* case the court said: "Where a warranty deed to secure a debt contains no defeasance clause, *and no bond to reconvey is executed contemporaneously therewith* [italics ours], the grantee being given the power to sell the land at public outcry upon default in the payment of the debt, it is not necessary that title be again placed in the grantor in order to bring the property to sale." The same ruling was made in *Hiers* v. *Exum.* The latter case merely followed the language of the former case. The language here italicized and quoted from the *Greenfield* case and followed in the *Hiers* case was in no sense necessary to the decision rendered. The fact that there was no defeasance clause and no bond to reconvey could not, under the facts, have had any effect upon the result. It merely happened in those cases that there were no defeasance clauses and no bonds to reconvey. The language in the decision was mere surplusage. Moreover, in the *Greenfield* case the security deed involved, as shown by the original record of file in this office, was executed on November 20, 1894, before the approval of the act of 1894, to wit, December 17, 1894 (Civil Code § 6037),

which provides for reconveyance for the purpose of levy and sale in pursuance thereof. The deed having been executed prior to the passage of the act providing for reconveyance, that act had no application to the case. In the *Hiers* case, Mr. Chief Justice Russell said: "It is insisted that the deed of Agnes C. Long, as administratrix of the estate of W. H. Long, to Mary Exum is void for the reason that a legal sale could not be had unless first the deed of the Federal Land Bank of Columbia, S. C., had been paid, and that bank had reinvested J. R. Hiers with title which might thereupon be levied and sold in satisfaction of other subsequent liens. This court has frequently held this contention to be without merit. Under the ruling of this court in *Greenfield* v. *Stout*, 122 *Ga.* 303 (50 S. E. 111), among other authorities which may be cited, the collection of a debt evidenced by deed with power of sale may be enforced by a sale of the equity remaining in the grantor of the security deed." In this opinion no reference is made to a defeasance clause, or to a bond to reconvey.

*Judgment reversed. All the Justices concur, except*

Russell, C. J., and Atkinson, J., who dissent from the ruling in the first headnote and first division of the opinion.