## 27220.  HARRIS *v.* LUTEN.

DECIDED FEBRUARY 8, 1939.

*Fred B. Davis,* for plaintiff.

*Julius S. Fine, Aaron Kravitch,* for defendant.

FELTON, J.  This was a suit on a retention-of-title note for a deficiency balance alleged to be due on the purchase-price of an automobile after sale of the car and credit on the note of the proceeds of such sale.  The defendant contended that the contract sued on had been rescinded by reason of the act of the payee in selling the car at private sale under a provision in the note and contract authorizing such sale.  There was no question raised as to whether the sale was made in good faith, or was fairly made, or whether the automobile was sold for what it was worth.  The only question to be decided is whether the act of the legislature hereinafter referred to had the effect of prohibiting private sales by attorneys in fact.

In 1937 the legislature passed an act amending the Code of 1933, § 37-607.  The caption of the act is as follows  "An act to amend section 37-607 of the Code of Georgia, relating to the construction and manner of exercise of powers of sale in deeds, mortgages, and other instruments, so as to provide who may exercise such powers and the manner of exercise when the grantor or donor of the power is dead; and for other purposes."  Ga. L. 1937, p. 481.  The act proper reads as follows:  "Section 1.  That section 37-607 of the Code of Georgia of 1933 be amended by adding at the end thereof the following:  'Unless the instrument creating such power specifically provides to the contrary, a personal representative, heir, heirs, legatee, devisee, or successor of the grantee in a mortgage, deed of trust, deed to secure debt, bill of sale to secure debt, or other like instrument, or an assignee thereof, or his personal representative, heir, heirs, legatee, devisee, or successor, may exercise any power therein contained.  A power of sale not revocable by death of the grantor or donor may be exercised after his death in the same manner and to the same extent as though such grantor or donor were in life, and it shall not be necessary, in the exercise of

such power, to advertise or sell as the property of the estate of the deceased, nor to make any mention of or reference to such death,' so that when amended, said section will read as follows: '37-607. (4620) Power of sale in deeds of trust, etc. Powers of sales in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised. The time, place, and manner of sale shall be that pointed out for public sales. Unless the instrument creating such power specifically provides to the contrary, a personal representative, heir, heirs, legatee, devisee, or successor of the grantee in a mortgage, deed of trust, deed to secure debt, bill of sale to secure debt, or other like instrument, or an assignee thereof, or his personal representative, heir, heirs, legatee, devisee, or successor, may exercise any power therein contained. A power of sale not revocable by death of the grantor or donor may be exercised after his death in the same manner and to the same extent as though such grantor or donor were in life; and it shall not be necessary, in the exercise of such power, to advertise or sell as the property of the estate of the deceased, nor to make any mention or reference to such death.' Section 2. That all laws and parts of law in conflict herewith be and the same are hereby repealed."

It will be noted that the words "In the absence of stipulations to the contrary in the instrument," which are in the section as it appears in the Code of 1933, do not appear in the act where the section purports to be quoted. The omission was clearly an inadvertence. A literal reading of the section as quoted in and amended by the act would lead to the conclusion that no private sale may now be had regardless of stipulations in the instrument to the contrary. Such a change could not have been intended by the legislature. Such a result would not be germane to the stated purpose of the amending act. Its obvious purpose was merely to eliminate any confusion over the proper procedure to be followed by a grantee, assignee, or other party having the right to exercise a power of sale where the grantor had died before the power was exercised. See *Greenfield* v. *Stout*, 122 *Ga.* 303 (50 S. E. 111); *Alexander* v. *Chipstead*, 152 *Ga.* 851, 863 (111 S. E. 552); *Penn Mutual Life Insurance Co.*, v. *Donalson*, 177 *Ga.* 84 (169 S. E. 337); *Cocke* v. *Bank of Dawson*, 180 *Ga.* 714, 721 (180 S. E. 711). The act is to be construed as if the original Code section had been merely

438

amended by the addition of the new provisions. Thus, the original section with the amendment is now to be read as follows: "Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised. In the absence of stipulations to the contrary in the instrument, the time, place, and manner of the sale shall be that pointed out for public sales. Unless the instrument creating such power specifically provides to the contrary, a personal representative, heir, heirs, legatee, devisee, or successor of the grantee in a mortgage, deed of trust, deed to secure debt, bill of sale to secure debt, or other like instrument, or an assignee thereof, or his personal representative, heir, heirs, legatee, devisee, or successor, may exercise any power therein contained. A power of sale not revocable by death of the grantor or donor may be exercised after his death in the same manner and to the same extent as though such grantor or donor were in life, and it shall not be necessary, in the exercise of such power, to advertise or sell as the property of the estate of the deceased, nor to make any mention of or reference to such death." The court erred in directing the verdict for the defendant.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*