**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 29, 2015**

# In the Court of Appeals of Georgia

A15A0594. WELLS FARGO BANK, N. A. et al. v. MOLINA-
SALAS.

DILLARD, Judge.

We granted an interlocutory appeal to Wells Fargo Bank, N. A. ("Wells Fargo") and Federal Home Loan Mortgage Corporation ("Freddie Mac") to consider whether the trial court erred in denying their motion for summary judgment on Maria M. Molina-Salas's claim for wrongful foreclosure. Because we conclude that Wells Fargo and Freddie Mac were entitled to summary judgment, we reverse.

The pertinent facts are undisputed. In April 2007, Molina-Salas obtained a loan and executed a promissory note in favor of Wells Fargo. She secured the note with a security deed to real property (the "Property") that granted Wells Fargo a power of sale. The security deed was recorded in the deed book of Gwinnett County and

contained a complete and accurate legal description of the Property, including a reference that it was specifically located in the 6th District of Gwinnett County.

Molina-Salas defaulted on the loan and, after issuing several demands that she pay the deficiency and bring the loan current, Wells Fargo sent notice in January 2011 that it intended to foreclose on the Property. The notice included a copy of the advertisement to be published in the legal organ for Gwinnett County for four consecutive weeks. The advertisement noted that Molina-Salas was in default under the terms of the note and security deed (which it referenced by deed book and page number), and further contained the legal description, address, and recording data, including the plat book and page number, of the Property. But due to a typographical error, the advertisement wrongly identified the Property as lying in the 5th, as opposed to the 6th, District of Gwinnett County. The description, address, and recording data were otherwise correct. After running for two weeks, the error in the advertisement was discovered, at which time it was corrected and the last two weeks of the advertisement accurately identified the Property as lying in the 6th District.

In March 2011, the foreclosure sale was conducted and Wells Fargo was the successful bidder. Wells Fargo subsequently conveyed the property to Freddie Mac.

Molina-Salas filed the instant wrongful foreclosure action arguing, *inter alia*, that the typographical error in the property description of the advertisement that ran for two of the four weeks it was published rendered the foreclosure sale void and, further, that Wells Fargo's failure to send her an amended copy of the advertisement once the error had been identified and corrected amounted to insufficient notice under the applicable notice statutes. The trial court denied Wells Fargo and Freddie Mac's motion for summary judgment as to these two issues, and we granted their application for interlocutory appeal to consider whether the trial court erred in doing so.

At the outset, we note that summary judgment is proper when "there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law,"[1] and we review the grant or denial of a motion for summary judgment *de novo*.[2] With the foregoing in mind, we turn now to Wells Fargo and Freddie Mac's enumerations of error.

1. To assert a viable claim for wrongful foreclosure, a plaintiff must establish a "legal duty owed to it by the foreclosing party, a breach of that duty, a causal

---

[1] *Martin v. Herrington Mill, LP*, 316 Ga. App. 696, 697 (730 SE2d 164) (2012) (punctuation omitted).

[2] *See id.*

3

connection between the breach of that duty and the injury it sustained, and damages."[3] The legal duty imposed upon a foreclosing party under a power of sale is to exercise that power fairly and in good faith.[4]

Wells Fargo and Freddie Mac contend that the trial court erred in denying their motion for summary judgment on Molina-Salas's wrongful-foreclosure claim because they exercised the power of sale fairly and in good faith, and the published advertisement substantially complied with the statutory requirements. Specifically, they argue that the foreclosure sale is not void as a matter of law simply because the advertisement they ran prior to that sale incorrectly identified the district in which the Property resides for two of the four weeks that it was published, and that, in any event, Molina-Salas's claim otherwise fails because she did not present any evidence that bidding at the sale was chilled by the temporary error.

Molina-Salas argues, on the other hand, that Wells Fargo breached its duty to exercise the power of sale fairly and in good faith because the published

---

[3] *Racette v. Bank of America, N. A.*, 318 Ga. App. 171, 174 (1) (733 SE2d 457) (2012) (punctuation omitted); *see also Calhoun First Nat. Bank v. Dickens*, 264 Ga. 285, 286 (2) (443 SE2d 837) (1994).

[4] *See* OCGA § 23-2-114 ("Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised.").

advertisement twice identifying the Property as lying in the wrong district was defective as a matter of law. She maintains that this error (albeit temporary) renders the resulting foreclosure sale void and, in turn, all subsequent efforts to remove her from the Property unlawful. We disagree.

A nonjudicial foreclosure sale must be advertised in the same manner as that of a judicial foreclosure sale.[5] OCGA § 9-13-140 (a) requires, in part, that the advertisement give a "full and complete [legal] description of the property to be sold." But Georgia's appellate courts have repeatedly emphasized that not every irregularity or deficiency in a foreclosure advertisement will void a sale.[6] Rather, only if an advertisement fails to properly encompass those items required by OCGA § 9-

---

[5] *See Nexgen Cumming, LLC v. State Bank & Trust Co.*, 313 Ga.App. 715, 716 (722 SE2d 428) (2012) ("A nonjudicial foreclosure sale must be advertised in the same manner as a judicial foreclosure sale. That manner is set forth in OCGA § § 9-13-140 (a) and 9-13-141. . . ." (citation omitted)); *see also* OCGA §§ 9-13-140, 9-13-141; OCGA § 44-14-162 (a) ("No sale of real estate under powers contained in mortgages, deeds, or other lien contracts shall be valid unless the sale shall be advertised and conducted at the time and place and in the usual manner of the sheriff's sales in the county in which such real estate or a part thereof is located . . .").

[6] *See Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 372 (1) (601 SE2d 842) (2004) ("Not every irregularity or deficiency in a foreclosure advertisement will void a sale"); *accord Oates v. Sea Island Bank*, 172 Ga. App. 178, 179 (2) (a) (322 SE2d 291) (1984); *Walker v. Northeast Production Credit Ass'n*, 148 Ga. App. 121, 122 (2) (251 SE2d 92) (1978).

13-140 (a) will it be deemed defective as a matter of law.[7] And if the advertisement is not defective as a matter of law, "the errors in the advertisement will support a wrongful foreclosure claim [only] if the debtor can come forward with evidence that the defects chilled the bidding at the foreclosure sale, causing a grossly inadequate sale price."[8]

The relevant statutes do not otherwise define what constitutes a "legal description" under OCGA § 9-13-140 (a). The trial court nonetheless analogized the statutory requirements imposed when filing maps or plats with the county clerk, which require by way of description "[t]he county, city, town, or village, land district and land lot, and subdivision, if the property lies within a particular subdivision."[9]

---

[7] *Se. Timberlands, Inc. v. Sec. Nat. Bank*, 220 Ga. App. 359, 360 (1) (469 SE2d 454) (1996) ("The minimum legal requirements of a foreclosure advertisement are prescribed in OCGA § 9-13-140 (a), and only a failure to properly include those items will render the advertisement defective as a matter of law."); *accord Racette*, 318 Ga. App. at 175 (1) (a) (i).

[8] *Racette*, 318 Ga. App. at 175 (1) (a); *see also Se. Timberlands, Inc.*, 220 Ga. App. at 360 (2) (469 SE2d 454) (1996) ("If a foreclosure advertisement is not defective as a matter of law, defects in it will prevent confirmation only if the factfinder determines those defects 'chilled' bidding and caused an inadequate selling price.").

[9] OCGA § 15-6-67 (b) (2) (A); *see also* Ga. Comp. R. & Regs. 180-7-02 (2) ("Any description written for conveyance or other purpose . . . shall include the general location of the tract or lot with sufficient accuracy such that the tract can be

6

For purposes of this appeal, it is unnecessary for us to either approve or disapprove of the foregoing jurisprudential analogy or, for that matter, to outline the full spectrum of what will or will not constitute an adequate legal description under OCGA § 9-13-140 (a). In this case, we do nothing more than decline to hold that a published advertisement that mistakenly describes the subject property as lying in the 5th rather than the 6th District for two of the four weeks in which it ran fails as a matter of law to satisfy the "legal description" requirement of that statute.[10] Not only

readily located on the ground. The land lot, district, section, militia district number (in Headright Grant areas), city (if known to be within the city limits) and county shall be called out in said description.").

[10] *See Deljoo v. SunTrust Mortgage, Inc*., 284 Ga. 438, 440 (668 SE2d 245) (2008) (holding, in the context of a conveyance, that "[i]t is only when a description is manifestly too meager, imperfect, or uncertain to serve as adequate means of identification that the court can adjudge the description insufficient as a matter of law" (punctuation omitted)); *Smith v. Wilkinson*, 208 Ga. 489, 493-94 (2) (67 SE2d 698) (1951) ("The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable, but when its descriptive averments are so indefinite and uncertain that no particular tract or quantity of land is described thereby or pointed out with certainty by the instrument itself, the description must be held defective and therefore insufficient to pass title." (citation omitted)); *White v. Plumbing Distributors, Inc.*, 262 Ga. App. 228, 230 (1) (585 SE2d 135) (2003) (holding that, under the statute of frauds, "[a] description will be insufficient [as a matter of law] if it is indefinite to the degree that no particular tract of land is identified; nevertheless, a description which is vague will be sufficient if its precise location may be determined upon competent parol evidence").

7

did the advertisement accurately reflect the Property's district for two of the four weeks it ran, but each published advertisement also contained an otherwise accurate description of the Property, its correct physical address, its recording data by plat book and page number, and the recording data of the security deed that contained in its text an accurate legal description of the Property.[11] And it is well established that "reference in a foreclosure advertisement to extrinsic evidence such as official records constitutes a 'sufficient key' to correct a typographical error and show the precise location of the property."[12] Under these particular circumstances, to hold that the error

---

[11] *See Ceasar v. Wells Fargo Bank, N.A.*, 322 Ga. App. 529, 531 (1) (744 SE2d 369) (2013) (holding that "a typographical error in a security deed does not necessarily invalidate the legal description" when the deed also referred to the property's physical address); *Heritage Creek Dev. Corp.*, 268 Ga. App. at 372 (1) (holding that a foreclosure advertisement's property description that included two unavailable subdivision lots was not defective as a matter of law); *see also Racette*, 318 Ga. App. at 175-76 (1) (i) (holding that a published advertisement that incorrectly indicated that the property being foreclosed was subject to a senior lien was not deficient as a matter of law).

[12] *Williams v. S. Cent. Farm Credit, ACA*, 215 Ga. App. 740, 742 (2) (452 SE2d 148) (1994); *see also Penn Mut. Life Ins. Co. v. Donalson*, 177 Ga. 84, 85, hn. 4 (169 SE 337) (1933) ("The precise reference to the particular place in a public record where full information as to a fact of importance can be found is the equivalent of the statement of such fact as can be accurately ascertained and authoritatively established by such record." (punctuation omitted)).

rendered the advertisement defective as a matter of law would "substitute shadow for substance."[13] This, we will not do.

Likewise, Molina-Salas has neither argued nor presented any evidence that the error in the first two advertisements had any chilling effect on the bidding process or caused an inadequate selling price. And in the absence of evidence to the contrary, we will adhere to the principle that "[e]rrors that would not confuse the bidding intentions of any potential bidder of sufficient mental capacity to enter a binding contract for the sale of the real property do not show a chilling of the sale so that a fair market value bid was not obtained."[14] Thus, because there are no facts discernible

---

[13] *Donalson*, 177 Ga. at 91 (1) (169 SE 337) (1933) ("It is of prime importance in the administration of justice that courts should adhere to substance instead of shadow.").

[14] *Williams,* 215 Ga. App. at 742 (2) (rejecting appellant's claim that the two of four advertisements incorrectly substituting "southeast" for "southwest" in describing an outparcel voided the sale and supported a claim for wrongful foreclosure because "[t]here was no evidence that any prospective purchaser was confused" by the errors); *see also Heritage Creek Dev. Corp.*, 268 Ga. App. at 372 (1) (affirming grant of summary judgment to bank on debtor's claim for wrongful foreclosure despite the inclusion of two unavailable lots in the advertisement's property description because debtor "failed to show in any particular how the end result would have been different had the [bank] not included in the advertisement descriptions of the lots which had already been sold"); *Tarleton v. Griffin Fed. Sav. Bank*, 202 Ga. App. 454, 455 (2) (b) (415 SE2d 4) (1992) (confirming foreclosure because debtor "failed to show by the record how the citation [in the advertisement] to page 3 rather than page 2 of the deed book would chill the sale and cause the

9

from the record which can "possibly lead to any other result than payment of the loan or sale of the land for the purpose of paying the debt,"[15] we conclude that Wells Fargo and Freddie Mac were entitled to summary judgment on this ground.

2. Wells Fargo and Freddie Mac further assert that they were entitled to summary judgment on Molina-Salas's claim that they failed to provide her adequate notice of the foreclosure sale. Molina-Salas contends that the failure to alert her to the error in the original advertisement and provide her with a second notice containing the corrected advertisement renders both the notice and the ensuing sale void as a matter of law. Again, we agree with Wells Fargo and Freddie Mac.

Molina-Salas's argument is in furtherance of, and appears dependent upon, her contention that the advertisement itself was deficient as a matter of law. And as set forth in Division 1, we flatly reject that position.

Regardless, OCGA § 44-14-162.2 sets forth the necessary items that must be included in a debtor's notice regarding the initiation of proceedings to exercise a

---

property to be bid at less than its fair market value. . ."); *Oates*, 172 Ga. App. at 179 (2) (a) (confirming foreclosure despite error in advertisement listing the incorrect plat book because of evidence that it caused "no difficulty in locating the property using the description in the advertisement");

[15] *Donalson*, 177 Ga. at 91 (1).

10

power of sale in a security deed,[16] and includes a requirement that the debtor be given a copy of the advertisement to be submitted to the publisher.[17] But other than the inclusion of an advertisement containing a non-fatal typographical error, Molina-Salas makes no assertion that the notice lacked any of the required information mandated by OCGA § 44-14-162.2. Nor has she pointed to any authority or other evidence to support a finding that the description of the Property as lying in the incorrect district—one that she was not aware of until after the foreclosure sale had

---

[16] *See* OCGA § 44-14-162.2 (a), which, in pertinent part, provides:

Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor.

[17] *See* OCGA § 44-14-162.2 (b).

already been completed—harmed or otherwise impacted her in any way. Her claim, therefore, fails as a matter of law.[18]

For all of the foregoing reasons, we reverse the trial court's order denying summary judgment to Wells Fargo and Freddie Mac on Molina-Salas's claim for wrongful foreclosure.[19]

*Judgment reversed. Ellington, P. J., and McFadden, J., concur.*

---

[18] *See Wright v. Barnett Mortgage Co.*, 226 Ga. App. 94, 96 (2) (485 SE2d 583) (holding that notice of foreclosure that failed to provide a reinstatement balance was not defective in the absence of harm caused by the omission).

[19] To the extent that Molina-Salas asserted a claim for wrongful eviction based upon the same arguments considered in this opinion, Wells Fargo and Freddie Mac were entitled to summary judgment on that claim as well.