**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 10, 2018**

# In the Court of Appeals of Georgia

A18A0916. FLINT TIMBER, L. P. v. AGSOUTH FARM CREDIT, ACA.

MCFADDEN, Presiding Judge.

This is an appeal by a borrower from a grant of summary judgment to a lender on the borrower's wrongful foreclosure claim. The borrower, Flint Timber, L. P., asserted the claim for wrongful foreclosure as a counterclaim in a deficiency action brought by the lender, AgSouth Farm Credit, ACA. AgSouth moved for summary judgment on the wrongful foreclosure counterclaim, arguing that the trial court's earlier confirmation of the foreclosure sale precluded the claim under either the doctrine of res judicata or the doctrine of collateral estoppel. The trial court agreed and granted summary judgment to AgSouth on that claim. We find no error and affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review a grant of summary judgment de novo and the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Zhong v. PNC Bank, N. A.*, 334 Ga. App. 653 (1) (780 SE2d 92) (2015) (citation omitted).

So viewed, the evidence shows that Flint Timber conveyed an interest in several tracts of land to AgSouth in a deed to secure debt. When Flint Timber subsequently defaulted on the loan that was the subject of the deed to secure debt, AgSouth foreclosed on the loan, sold the property under power of sale pursuant to the terms of the deed to secure debt, and instituted a proceeding to confirm the foreclosure sale. See OCGA § 44-14-161. In that proceeding, Flint Timber argued that the trial court should not confirm the foreclosure sale because, among other things, the legal advertisement and deed under power of sale both contained an error in the legal description of one of the tracts of land. Rather than referring to "Plat Book 38, Page 143" as the location of the recorded plat depicting that tract of land, the advertisement and deed under power of sale omitted one numeral from the page number, referring instead to "Plat Book 38, Page 14." The trial court, however,

2

confirmed the sale and we affirmed that ruling without an opinion in *Flint Timber, L. P. v. AgSouth Farm Credit, ACA*, 337 Ga. App. XXIV (2016).

After the trial court confirmed the foreclosure sale, AgSouth brought the instant deficiency action and Flint Timber counterclaimed for wrongful foreclosure, basing its counterclaim on the same legal-description error that it had asserted in its opposition to confirmation in the earlier proceeding. The trial court granted AgSouth's motion for summary judgment on the wrongful foreclosure claim, concluding that Flint Timber sought to re-litigate issues already adjudicated in the confirmation proceeding. In her order, the trial court discussed both the doctrine of res judicata and the doctrine of collateral estoppel.

On appeal, Flint Timber enumerates the following error: "The trial court erred in ruling that [the] wrongful foreclosure claim represents the re[-]litigation of a claim adjudicated in the previous confirmation proceeding." But we find that the doctrine of collateral estoppel applies and, consequently, AgSouth was entitled to summary judgment on the wrongful foreclosure claim.

Collateral estoppel "precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies." *Body of Christ Overcoming Church of God v. Brinson*,

3

287 Ga. 485, 486 (696 SE2d 667) (2010) (citation omitted). To be precluded, either the issue "must actually have been litigated and decided in the first action . . . or [must be an issue that] necessarily had to be decided in order for the previous judgment to have been rendered." *Morrison v. Morrison*, 284 Ga. 112, 114 (3) (663 SE2d 714) (2008) (citation and emphasis omitted).

To recover against AgSouth for wrongful foreclosure, Flint Timber must demonstrate, among other things, that AgSouth breached a duty to exercise fairly and in good faith the power of sale provided for in the parties' deed to secure debt. See *Wells Fargo Bank, N. A. v. Molina-Salas*, 332 Ga. App. 641, 642 (1) (774 SE2d 712) (2015) (claim for wrongful foreclosure arises from foreclosing party's breach of its duty to exercise power of sale fairly and in good faith). Flint Timber argues that AgSouth breached this duty by using, in the advertisement and the deed under power of sale, the legal description that incorrectly referred to "Plat Book 38, Page 14" rather than "Plat Book 38, Page 143." Indeed, Flint Timber asserts in its appellate brief that the erroneous legal description is the "crux of [its] counterclaim."

In the earlier confirmation proceeding, the trial court adjudicated the issue of the effect of the legal description on the fairness and validity of the foreclosure sale. In concluding that "all conditions to confirmation of the sale ha[d] been met," the trial

4

court in the earlier proceeding expressly determined that "no error in the legal advertisement chilled the bidding at the sale or otherwise rendered the foreclosure wrongful or invalid." It is true that the trial court's order in the earlier proceeding did not expressly address the presence of the error in the deed under power of sale. But Flint Timber argued that issue in the confirmation proceeding, asserting at the hearing that the error in the deed under power of sale invalidated the conveyance of the tract in the foreclosure sale. The transfer of the tract under the deed under power of sale must have occurred before the trial court could consider that tract to have been sold on foreclosure. *Tampa Investment Group v. Branch Banking & Trust Co.*, 290 Ga. 724, 727 (1) (723 SE2d 674) (2012). So the issue of whether the error in the deed under power of sale affected that conveyance "necessarily had to be decided in order for the previous judgment [confirming the foreclosure sale] to have been rendered." *Morrison*, 284 Ga. at 114 (3) (citation and emphasis omitted).

"It is axiomatic that the same issue cannot be re[-]litigated ad infinitum." *Nally v. Bartow County Grand Jurors*, 280 Ga. 790, 791 (3) (633 SE2d 337) (2006) (citation and punctuation omitted). The arguments Flint Timber asserts on appeal from the summary judgment ruling in this case are the arguments that the trial court rejected in the confirmation proceeding. Given that prior adjudication, the trial court

5

did not err in granting summary judgment to AgSouth on the wrongful foreclosure counterclaim.

*Judgment affirmed. Ray and Rickman, JJ., concur.*